■ CLARIS BRAHAM, Respondent, v U-HAUL Co. et al., Appellants. [599 NYS2d 593] —Order, Supreme Court, Bronx County (Alan J. Saks, J.), entered January 26, 1993, denying defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, and the motion granted, without costs. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

The sole issue before us is whether, in this automobile collision case, plaintiff has established a "serious injury" under the No-Fault Law (Insurance Law § 5102 [d]), proximately caused by the accident described in her complaint. Contrary to the IAS Court, we hold that she has not.

Plaintiff's injuries are alleged to have arisen following a rear-end contact by a vehicle driven by defendant Tejeda on August 9, 1990. At her deposition, plaintiff testified that she was treated by Dr. Sonn, her chiropractor, following the 1990 automobile accident ("this accident"), but she could not recall on how many occasions, nor the date of the last treatment. She also stated that she consulted Dr. Siskind, her "regular doctor", but she could not remember how often.

The only medical record that plaintiff produced concerning this accident was from Mount Vernon Hospital, dated August 11, 1990. That hospital's emergency room record indicated a

diagnosis of "muscle strain", and the attending physician recommended warm soaking and Tylenol. Plaintiff also testified that she was out of work only "a few days" as a result of this accident.

Almost all of plaintiff's medical documentation submitted in opposition to defendants' motion concerned treatment she received following an earlier automobile accident on January 26, 1989. These papers included a report from Dr. Sonn dated April 17, 1989, in which he had diagnosed the plaintiff as then suffering from cervicobrachial syndrome, cervicocranial syndrome and lumbar intervertebral disc syndrome, and further stated that plaintiff had damaged disc material at L4-L5 and L5-S1 as a result of the automobile accident of January 26, 1989. No reports or records were ever produced from Dr. Sonn concerning plaintiff's treatment for the 1990 accident.

In his wholly conclusory affidavit in February 1992, Dr. Sonn failed to state whether he based his diagnosis of disc injury aggravation and neck area disability, allegedly arising from the 1990 accident, on any objective diagnostic tests, or whether it was based purely on clinical findings. In addition, he failed to state whether he had found plaintiff to be suffering from any permanent disability or restriction of motion at the time of his most recent examination of her, supposedly on September 14, 1991. Furthermore, the entries concerning the dates of examination and treatment were handwritten inserts to this affidavit by someone after the affidavit was prepared, and there are no office records to support these alleged dates of treatment. In his affidavit, Dr. Sonn does not dispute or rebut the findings of defendants' orthopedic specialist, Dr. Irving Etkind, who found in his examination of plaintiff on December 9, 1991 that she was suffering from no restriction of motion in her neck or back. Finally, Dr. Sonn makes no mention that plaintiff suffered loss of consciousness, a concussion, post-concussion syndrome, anterior wedging of two discs of the dorsal spine or spurring in the lower lumbar spine as a result of the 1990 accident, as claimed in plaintiff's bill of particulars.

The only other medical record submitted by plaintiff is an x-ray report, which is both unsworn and without indication as to source, and therefore inadmissible. In addition, Dr. Sonn never specifically referred to this report in his affidavit.

It should also be noted that defendants produced a C-4 Workers' Compensation "Attending Doctor's Report" from Dr. Sonn, dated June 24, 1991, indicating that plaintiff injured

her knees, back and neck when she tripped over boxes at her place of business on June 13, 1991. That report stated that as a result of the 1991 accident, plaintiff reinjured those parts of her body which had been injured in the automobile accident of *1989*. Dr. Sonn's C-4 report made no reference whatsoever to the 1990 accident.

Because we find virtually nothing in this record to support plaintiff's claim of serious injury, this action must be dismissed *(Forte v Vaccaro,* 175 AD2d 153; *Stadier v Findley,* 148 AD2d 600). Concur—Sullivan, J. P., Carro, Wallach, Kupferman and Nardelli, JJ.