■ BERNICE VELEZ, Respondent, v LARRI COHAN et al., Appellants. [610 NYS2d 257] —Order, Supreme Court, Kings County (James H. Shaw, Jr., J.), entered on or about January 22, 1992, which denied the motion of defendants Anna and Jacek Nowaks and the cross-motion of defendants Larri Cohan and Grasso Public Carting, Inc., for summary judgment dismissing the complaint and granted plaintiff's cross-motion against the

Nowaks defendants to the extent of directing them to appear for examination before trial, unanimously reversed, on the law, plaintiff's motion denied, defendants' motion and cross-motion granted, and the complaint dismissed, without costs.

In order to effectuate the purpose of no-fault legislation to reduce litigation, a court is required to decide, in the first instance, whether a plaintiff has made out a prima facie case of "serious injury" sufficient to satisfy the statutory requirements (Licari v Elliott, 57 NY2d 230, 237). If the court finds that the evidence would not warrant a jury finding that the injury fits within the statutory definition, the plaintiff has no judicial remedy and the action should be dismissed.

Insurance Law § 5102 (d) defines a serious injury for this purpose as "a personal injury which results in death; dismemberment; significant disfigurement; a fracture; loss of a fetus; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment."

In this case, the evidence presented by plaintiff showed that, as a result of whiplash injuries suffered in an automobile accident on February 22, 1989, two medical practitioners diagnosed her as suffering from back pain, one to the extent that she was disabled as of September 1, 1989, the other calling her condition chronic. However, both of these diagnoses were based on plaintiff's subjective complaints of pain, which, standing alone, do not suffice to establish serious injury within the meaning of this statute (Scheer v Koubek, 70 NY2d 678, 679; Philpotts v Petrovic, 160 AD2d 856, 857).

We reject plaintiff's attempt to characterize as objective evidence of serious injury the notation in a report submitted by one of her doctors indicating that, one and a half years before the report was written in October, 1991, an orthopedist had found that plaintiff's lumbosacral range of movement was 75% of normal. Even if this notation were competent evidence of the orthopedist's alleged finding, the passage of time between that finding and the report, with no indication of any further examination, follow-up, or course of treatment other

than painkillers, renders that evidence inadequate to establish serious injury *(see, Philpotts v Petrovic,* 160 AD2d, *supra,* at 857; *Covington v Cinnirella,* 146 AD2d 565, 566). Concur—Sullivan, J. P., Carro, Ellerin, Asch and Tom, JJ.