■ AINSLEY HEWAN, an Infant, by His Mother and Natural Guardian, HYACINTH HEWAN, et al., Appellants, et al., Plaintiffs, v ROBERT CALLOZZO et al., Respondents. [636 NYS2d 336] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered on or about December 5, 1994, which, insofar as appealed from, dismissed the action as to certain plaintiffs for failure to show serious injury as required by Insurance Law § 5102 (d), unanimously affirmed, without costs.

Plaintiffs' claims that they were unable to resume daily activities for 90 out of the 180 days following the accident are simply not supported by any proof of confinement, incapacity, or other substantial curtailment of daily activities sufficient to make out a prima facie showing of serious injury (*see*, *Licari v Elliott*, 57 NY2d 230, 236, 238-239). Nor do plaintiffs' affidavits or that of their doctor, based on subjective complaints of pain, demonstrate any permanent injuries (*see*, *Velez v Cohan*, 203 AD2d 156). Concur—Ellerin, J. P., Rubin, Nardelli, Tom and Mazzarelli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BROOKS MCBRYDE, Also Known as BROOKES MCBRYDE, Appellant. [637 NYS2d 5] —Judgment, Supreme Court, Bronx County (Joseph Fisch, J.), rendered January 22, 1993, convicting defendant, upon his plea of guilty, of robbery in the first degree, robbery in the second degree and grand larceny in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years, 4 to 8 years and 2 to 4 years, respectively, unanimously affirmed.

As part of his plea bargain, defendant agreed to forgo his right to any suppression hearings. The record, however, is silent with respect to any knowing and voluntary waiver of his right to appeal this aspect of his plea (*People v Callahan*, 80 NY2d 273, 283). In any event, there is no basis to disturb the conviction since defendant's motion "for a *Dunaway* hearing" (*Dunaway v New York*, 442 US 200), i.e., to suppress identification testimony on the ground of unlawful seizure, was properly denied, without a hearing, in view of the conclusory nature of defendant's allegations (*People v Mendoza*, 82 NY2d 415). Concur—Ellerin, J. P., Rubin, Nardelli, Tom and Mazzarelli, JJ.