■ ZOYA BITICI et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [666 NYS2d 188] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered February 19, 1997, which granted defendants' motion for summary judgment dismissing plaintiffs' complaint for failure to meet the "serious injury" threshold required by Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, the motion denied, and the complaint reinstated.

Plaintiff Zoya Bitici was injured when the car she was driving was struck by a city bus driven by defendant Mencher. The sole reason stated in the court's order granting summary judgment was that "it was not until 2½ years after the accident that any problem was found with plaintiff medically." Our review of the record on the summary judgment motion reveals that it was error to grant the motion. There was conflicting, competent medical evidence regarding the nature and extent of plaintiff's injuries, thus raising a question of fact that cannot be resolved on summary judgment (*see, e.g., Cassagnol v Williamsburg Plaza Taxi,* 234 AD2d 208). It is within the province of the fact finder, not the summary judgment court, to determine the weight to be given to the examination and findings of plaintiff's doctor (*supra*).

With respect to the nature of the medical evidence submitted by plaintiff, her claims do not consist of her subjective complaints alone or a doctor's conclusory or speculative statements, either of which would be insufficient to demonstrate a *prima facie* case of serious injury to defeat defendants' motion (*Velez v Cohan,* 203 AD2d 156, 157; *Braham v U-Haul Co.,* 195 AD2d 277); her submissions include the findings made by her doctor based on an examination, x-ray and detailed observations (*Parker v Defontaine-Stratton,* 231 AD2d 412; *Cesar v Felix,* 181 AD2d 852, 853). Moreover, a doctor's finding of range

of motion limitations comparable to plaintiff's has been held to meet the threshold test of serious injury and withstand summary judgment (*see, e.g.*, *Cassagnol v Williamsburg Plaza Taxi, supra*; *Parker v Defontaine-Stratton, supra*; *see also, Lopez v Senatore*, 65 NY2d 1017, 1020). Accordingly, plaintiff satisfied her burden in opposing summary judgment by establishing the requisite *prima facie* case of serious physical injury, and it was error to grant summary judgment. Concur—Murphy, P. J., Milonas, Wallach, Rubin and Mazzarelli, JJ.