■ CLEMENTINE CILLO, Appellant, v ANTHONY SCHIOPPO et al., Respondents. [673 NYS2d 628] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered May 9, 1997, which

granted defendants' motions for summary judgment dismissing the complaint for failure to make a prima facie showing of serious injury within the meaning of Insurance Law § 5102 (d), and order, same court and Justice, entered on or about July 15, 1997, which denied plaintiff's motion to renew, unanimously affirmed, without costs.

Defendants' motions were properly predicated upon medical reports prepared by plaintiff's treating physicians, which, contrary to her bill of particulars, do not show that she sustained a fracture or a permanent or significant loss of use of a body function or system, and upon her deposition testimony, in which plaintiff asserted that she was unable to return to work for eight months after the accident but admitted that the only medically determined injury or impairment of which she was aware was soft tissue injury to her ankle (*see, Lowe v Bennett*, 122 AD2d 728, 729, *affd* 69 NY2d 700; *Deangelo v Marcia Serv. Corp.*, 199 AD2d 58). The unsworn letter of plaintiff's orthopedist, dated almost two years prior to plaintiff's affidavit in opposition to which it was attached, is not evidence competent to defeat a motion for summary judgment (*see, Lowe v Bennett, supra*, at 730; *cf., Rodriguez v Goldstein*, 182 AD2d 396). In any event, the letter does not rebut defendants' showing, in that it opines, without mention of any diagnostic tests or even detailed observations, that plaintiff was "totally disabled" (*compare, Bitici v New York City Tr. Auth.*, 245 AD2d 157, *with Velez v Cohan*, 203 AD2d 156). Plaintiff's motion to renew, on which she submitted the updated, sworn affidavit of her orthopedist, stating that plaintiff's "continued complaints over a long period of time and consistent physical examination findings are consistent with medical miniscal tear of her left knee, the extent of which will be better delineated after her surgical intervention", was properly denied for lack of an acceptable excuse why a statement such as this was not submitted on the original motion (*see, Huttner v McDaid*, 151 AD2d 547; *Mgrditchian v Donato*, 141 AD2d 513). We would also note that the report continues to admit negative diagnostic tests, and, while stating that plaintiff did not have surgery earlier because she was afraid, does not explain what appears to be a two-year gap in plaintiff's treatment. Concur—Sullivan, J. P., Nardelli, Williams and Andrias, JJ.