■ James L. Owens, Respondent, v William F. Nolan et al., Appellants, et al., Defendant. [702 NYS2d 481] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in denying the motion of William F. Nolan and Monica R. Meger and the cross motion of David M. Green and Galson Corporation (defendants) for summary judgment dismissing the first cause of action. Plaintiff commenced the present action seeking damages for injuries sustained in motor vehicle accidents that occurred in March 1994 and March 1995. Defendants are the owners and operators of the vehicles involved in the March 1994 accident, the subject of the first cause of action.

Defendants made "a prima facie showing of entitlement to judgment as a matter of law by coming forward with competent proof refuting the allegations of the complaint as amplified by the bill of particulars" (*Balnys v Town of Baltimore*, 160 AD2d 1136). With respect to the allegation that plaintiff sustained an injury that prevented him from performing substantially all of

his usual and customary daily activities for 90 days during the 180 days immediately following the accident, defendants submitted testimony by plaintiff that his usual activities were not curtailed during the statutory period (*see, Licari v Elliott*, 57 NY2d 230, 236). With respect to the allegation that plaintiff sustained a permanent disability and significant limitation of use of the back and shoulder, defendants submitted the medical records of plaintiff's treatment following the accident (*see, Vignola v Varrichio*, 243 AD2d 464; *Tankersley v Szesnat*, 235 AD2d 1010, 1012, n 3; *Torres v Micheletti*, 208 AD2d 519), establishing that the claimed disability and restriction are "based upon subjective complaints of pain without objective medical findings" (*McKnight v LaValle*, 147 AD2d 902, 903, *lv denied* 74 NY2d 605).

In response, plaintiff failed to demonstrate the existence of a triable issue of fact (*see, Gaddy v Eyler*, 79 NY2d 955, 956). Plaintiff's expert began treating plaintiff in March 1996, a year after the second accident. Although that expert diagnosed impingement syndrome of the left shoulder, a disc herniation at C6-7 and a lumbar strain, plaintiff failed to produce competent evidence that those injuries were sustained in the first accident (*see, Stowe v Simmons*, 253 AD2d 422, 423). Defendants are not liable for injuries sustained in the second accident that are distinguishable from the injuries sustained in the first accident (*see,* PJI 2:307).

The claimed shoulder impingement was detected after the second accident. Medical records show that in January 1995 the shoulder had a full range of motion without any sign of instability or impingement. The claimed cervical spine herniation was diagnosed by MRI in June 1995. Although plaintiff had a cervical spine strain after the first accident, that diagnosis was based upon subjective complaints of pain (*see, McKnight v LaValle, supra*, at 903-904). After plaintiff completed physical therapy in February 1995, his cervical range of motion was normal except for "minimal" restriction of "sidebend/rotation", and such a restriction is not a serious injury within the meaning of Insurance Law § 5102 (d) (*see, Licari v Elliott, supra*, at 236). With respect to the alleged lumbar strain, the records document only a "slightly decreased range of motion" within five days of the first accident. Furthermore, the affirmation of plaintiff's expert does not specify the extent or degree of any alleged limitation (*see, Kosto v Bonelli*, 255 AD2d 557, 558) or include any objective findings (*see, Stowe v Simmons, supra*, at 423). Finally, plaintiff failed to submit any evidence supporting his claim that there was a curtailment of his usual

activities during the statutory period following the first accident. We thus modify the order by granting the motion and cross motion and dismissing the first cause of action. (Appeals from Order of Supreme Court, Onondaga County, Major, J.—Summary Judgment.) Present—Pine, J. P., Wisner, Hurlbutt and Balio, JJ.