■ CAROLE NISNEWITZ et al., Appellants, v SALVATORE RENNA et al., Respondents. [709 NYS2d 435] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Weiss, J.), dated July 14, 1999, which granted the defendants' respective motions for summary judgment dismissing the complaint insofar as asserted against them, and (2) an order of the same court, dated October 28, 1999, which denied their motion, denominated as one for renewal and reargument, which was, in effect, for reargument.

Ordered that the appeal from the order dated October 28, 1999, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated July 14, 1999, is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The affirmed medical reports of the physicians who examined the injured plaintiff Carole Nisnewitz and reviewed the Magnetic Resonance Imaging films of her cervical and lumbosacral spines on behalf of the defendants were sufficient to establish, prima facie, that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the underlying motor vehicle accident (*see, Gaddy v Eyler,* 79 NY2d 955, 956-957; *Kosto v Bonelli,* 255 AD2d 557).

The plaintiffs' evidence submitted in opposition to the defendants' motions for summary judgment was insufficient to raise a triable issue of fact as to whether the injured plaintiff sustained a serious injury. Although there was evidence that she suffered from herniated and bulging discs, there was no

objective evidence of the extent or degree of the alleged physical limitations resulting from the injuries and their duration (*see, Guzman v Michael Mgt.,* 266 AD2d 508; *Noble v Ackerman,* 252 AD2d 392, 394).

The plaintiffs' motion, denominated as one for renewal and reargument, was, in effect, for reargument, the denial of which is not appealable. The additional evidence was neither newly-discovered nor unavailable to them at the time of the prior motion (*see, Vaynshteyn v Cohen,* 266 AD2d 280; *Knutson v Sand,* 249 AD2d 451). O'Brien, J. P., Altman, Friedmann, McGinity and Smith, JJ., concur.