■ AHMED D. TOURE, Appellant, v AVIS RENT A CAR SYSTEMS, INC., et al., Respondents. [728 NYS2d 140] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered May 17, 2000, which granted defendants' motion for summary judgment dismissing the complaint, affirmed, without costs.

Defendants established their prima facie entitlement to summary judgment by demonstrating that plaintiff failed to suffer a serious injury within the contemplation of Insurance Law § 5102 (d) (*see, Gaddy v Eyler*, 79 NY2d 955, 956-957; *Barbeito v Kesev Taxi*, 281 AD2d 379). In this regard, the affirmation of defendants' examining neurologist indicated, *inter alia*, that "[t]he clinical examination of [plaintiff's spine] failed to reveal any objective abnormalities to indicate any residual disability." This conclusion was consistent with the records of plaintiff's own treating neurologist, who saw plaintiff on approximately eight occasions. The records of this neurologist contain notations indicating "No complaints" or "No complaints Feels Good" on five out of eight visits. In fact, on the last visit, which took

place in 1997, the notation reads "No complaints Feels Good * * * No need for Reevaluation."

In the face of this, it was incumbent upon plaintiff to come forward with proof in admissible form to rebut defendants' prima facie showing (*see, Licari v Elliott*, 57 NY2d 230, 235). This he failed to do.

Seeking to oppose defendants' showing, plaintiff, among other things, submitted an affirmation of Dr. Joseph M. Waltz and three unsworn letters/reports. Initially, as to the Waltz affirmation, it states, in relevant part:

"Mr. Toure had paraspinous muscle spasms in the lumbosacral area and decreased range of motion in his lumbar spine upon examination.

"The injuries suffered by Mr. Toure are permanent and result in restriction of use and activity of the injured areas and permanent limitation of his spine and peripheral nervous system.

"Mr. Toure's difficulty in sitting, standing or walking for any extended period of time and his inability to lift heavy boxes at work are a natural and expected medical consequence of his injuries."

When this affirmation is examined paragraph by paragraph it becomes evident that it is deficient.

As regards the first paragraph, it is axiomatic that the mere allegation that a person has a "decreased range of motion" is insufficient to establish "serious injury" in the absence of an indication of the extent and degree of the purported decreased range of motion (*Rose v Furgerson*, 281 AD2d 857; *Sainte-Aime v Ho*, 274 AD2d 569; *Nisnewitz v Renna*, 273 AD2d 210, *lv denied* 96 NY2d 705; *Owens v Nolan*, 269 AD2d 794; *Guzman v Paul Michael Mgt.*, 266 AD2d 508; *Fountain v Sullivan*, 261 AD2d 795; *Noble v Ackerman*, 252 AD2d 392).

Concerning the second paragraph, it merely states that plaintiff suffered a "permanent" injury and "permanent" "restriction of use" of the injured areas of his body. As noted by our Court of Appeals, however, conclusory assertions of permanence that are tailored to meet statutory requirements do not suffice to establish serious injury (*see, Lopez v Senatore*, 65 NY2d 1017). This is especially so in this case since the extent and degree of the purported "restriction of use" is not even identified (*see, Sainte-Aime v Ho, supra; Nisnewitz v Renna, supra; Owens v Nolan, supra; Guzman v Paul Michael Mgt., supra; Fountain v Sullivan, supra; Noble v Ackerman, supra*).

Turning to the third paragraph, it states that plaintiff has

difficulty sitting, standing, and walking, and difficulty lifting heavy boxes. This paragraph likewise fails to establish serious injury. The allegations concerning such alleged difficulties are not asserted to be based upon the doctor's personal observations, but are obviously based upon plaintiff's subjective complaints of pain, and subjective complaints do not establish serious injury (see, Scheer v Koubek, 70 NY2d 678; Hewan v Callozzo, 223 AD2d 425; Velez v Cohan, 203 AD2d 156).

In addition to the deficiencies noted above, Dr. Waltz's affirmation suffers from two other flaws. First, in his affirmation Dr. Waltz failed to identify a single objective test that he performed on plaintiff that would support his conclusions. This, it is established, renders a physician's affirmation deficient (see, e.g., Gilroy v Duncombe, 274 AD2d 548; Villalta v Schechter, 273 AD2d 299). Nor does Dr. Waltz's allegation that he examined plaintiff remedy this defect.

Second, while Dr. Waltz opined that plaintiff was suffering from bulging and herniated discs, his opinion was obviously premised upon certain MRI examinations and CT Scans. However, to the extent that his opinion was based upon such tests, it was without probative value since he did not indicate that he reviewed the actual MRI films or CT Scans, did not attach a copy of the MRI/CT Scan reports to his affirmation, and most important, did not specify to which MRI examinations or CT Scans he was even referring (see, Shay v Jerkins, 263 AD2d 475; Decayette v Kreger Truck Renting, 260 AD2d 342; Williams v Hughes, 256 AD2d 461; Bandoian v Bernstein, 254 AD2d 205; Friedman v U-Haul Truck Rental, 216 AD2d 266; Braham v U-Haul Co., 195 AD2d 277).

As to the three unsworn letters/reports submitted by plaintiff, these materials merely indicated that plaintiff suffers from bulging and herniated discs. Even accepting that these conditions were medically verified, defendants were entitled to summary judgment.

The mere fact that a plaintiff suffers from bulging or herniated discs is insufficient to establish serious injury for purposes of Insurance Law § 5102 (d). Instead, for such injuries to constitute a "serious injury" within the contemplation of the Insurance Law, it is incumbent upon a plaintiff to provide objective medical evidence of the degree of the alleged physical limitation resulting from the injuries and their duration (see, Rose v Furgerson, supra; Sainte-Aime v Ho, supra; Nisnewitz v Renna, supra; Guzman v Paul Michael Mgt., supra; Noble v Ackerman, supra). Plaintiff did not meet this requirement. Nowhere within the record is there an indication of the degree

of plaintiff's alleged limitation on his range of motion. This being so, the letters, like the affirmation of Dr. Waltz, fail to provide a basis for finding that plaintiff suffered a serious injury.

Accordingly, Supreme Court properly dismissed plaintiff's complaint. Concur—Nardelli, Williams and Friedman, JJ.

Rosenberger, J. P., and Mazzarelli, J., dissent in a Memorandum by Mazzarelli, J., as follows: I would reverse the order appealed and reinstate the complaint. Viewing the evidence in the light most favorable to plaintiff, the conflict between the evaluations of plaintiff's treating physician and defendants' examining physicians as to the nature and permanency of plaintiff's injuries precludes summary resolution of whether plaintiff suffered a "serious injury" pursuant to Insurance Law § 5102 (d) (*see, Dufel v Green*, 84 NY2d 795, 798; *see, Langford v Jewett Transp. Serv.*, 271 AD2d 412; *Verderosa v Simonelli*, 260 AD2d 293; *DiLeo v Blumberg*, 250 AD2d 364; *Jackson v United Parcel Serv.*, 204 AD2d 605).

In support of their motion for summary judgment, defendants submitted, *inter alia*, an unsworn opinion from two doctors, upon review of an MRI performed on or about April 30, 1997, that there were "no definite demonstrations" of the disc herniations and bulging described in plaintiff's doctor's report. By contrast, plaintiff's neurologist interpreted the same MRI as revealing that plaintiff suffered two herniated discs (C3/4 and C4/5), and one bulging disc (C5/6), a diagnosis which at least one court has held constitutes prima facie evidence of a "serious injury" within the meaning of the No-Fault Law (*see, Mordino v Sutch*, 256 AD2d 1062). Plaintiff's neurologist also stated that a November 1998 CT scan of the cervical spine indicated a bulging disc at the C4/5 level, and that a November 6, 1998 MRI of the lumbar spine showed bulging discs at L3/4, L4/5, and L5/S1. Plaintiff's neurologist opined that the back injuries were caused by the car accident which led to this appeal.

Defendants argue that plaintiff's submissions are insufficient to establish that he suffered a "serious injury" because they are not supported by "objective evidence of the extent or degree of the alleged physical limitations resulting from the injuries and their duration" (*Noble v Ackerman*, 252 AD2d 392, 394). However, courts have held that for purposes of determining whether plaintiff has suffered a "serious injury" pursuant to Insurance Law § 5102 (d), a doctor's observations of physical limitations can qualify as objective evidence sufficient to create a triable issue of fact for the jury (*see, Tompkins v Burtnick*, 236 AD2d 708; *Funke v Stafford*, 233 AD2d 611).

While plaintiff's physician did not confine his diagnosis to plaintiff's restrictions of motion, or, as in other cases, assign a quantitative value thereto (*compare, DiLeo v Blumberg, supra* [30% restriction of motion established a prima facie case of "serious injury"] *with Bandoian v Bernstein,* 254 AD2d 205 [claimed 10% restriction of extension and/or rotation insufficient to constitute "serious injury" as a matter of law]), his affirmation attested to having examined plaintiff himself, as well as reviewing reports submitted by prior health care providers, and determining that plaintiff not only suffered paraspinous muscle spasms, but also a number of significant specified, permanent impairments (*see, Vasquez v Weiss,* 234 AD2d 658), which were not, as the majority states, "obviously based upon plaintiff's subjective complaints of pain," and which were sufficient to present a jury question as to whether plaintiff suffered a "serious injury" pursuant to Insurance Law § 5102 (d) (*Verderosa v Simonelli, supra; Pietrocola v Battibulli,* 238 AD2d 864, 866; *O'Sullivan v Atrium Bus Co.,* 246 AD2d 418; *Pagels v P.V.S. Chems.,* 266 AD2d 819, 820; *Evans v Hahn,* 255 AD2d 751; *see, Dufel, supra,* at 798; *Noble, supra*).

By contrast, defendants' neurologist opined, on December 2, 1998, that a "clinical examination of plaintiff's spine failed to reveal any objective abnormalities to indicate any residual disability." However, this conclusion in December 1998 is not supported by a more recent MRI of either the cervical or lumbar spine, or by any more recent CT scans of either of these areas.

I would find that the conflicting opinions of the medical experts as to the nature, cause and extent of plaintiff's injuries raise issues of credibility which cannot be conclusively resolved at this stage in the litigation (*see, Cammarere v Villanova,* 166 AD2d 760, 761). Defendants' motion for summary dismissal of the complaint for plaintiff's failure to establish the Insurance Law § 5102 (d) threshold should be denied (*see, Verderosa, supra; Pagels, supra; Jackson, supra*).