■ MA G. RANGEL-VARGAS et al., Respondents-Appellants, and GUILLERMINA MORALES, Respondent, et al., Plaintiff, v LOUIS VURCHIO, JR., et al., Respondents, and ROBERT OLEZEWSKI, JR., et al., Appellants-Respondents. [735 NYS2d 76] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered on or about July 5, 2000, which denied the motion of defendants Olezewski and Saturn to dismiss the complaint for lack of a serious injury as defined by Insurance Law § 5102 (d) with respect to plaintiff-respondent, and granted such motion with respect to the other plaintiffs, unanimously affirmed, without costs.

Plaintiff-respondent's evidence that she sustained a torn meniscus that required surgery, and aggravated a preexisting arachnoid cyst that also required surgery, is sufficient to raise issues of fact as to whether she sustained serious injuries to her knee and head. We note that the evidence with respect to the knee is not inconsistent with the report of one of defendants' physicians, and that the evidence with respect to the head is supported by medical reports indicating that plaintiff-respondent first began complaining of neurologic symptoms very shortly after the accident. We also note plaintiff-respondent's deposition testimony that she hit her head, neck and back as well as her knee, and the emergency room record reporting that she complained of pain to her head. However, the statements of the other plaintiffs' physician that they sustained permanent cervical and lumbar radiculopathies, bulging discs and various other traumas as a result of the accident that have had a serious impact on their daily activities and quality of life, unsupported by objective medical evidence of the degree and duration of any physical limitations, fail to raise an issue of fact as to whether those plaintiffs sustained any serious injuries (see, Scheer v Koubek, 70 NY2d 678; Toure v Avis Rent A Car Sys., 284 AD2d 271). Concur—Wallach, J. P., Lerner, Rubin, Buckley and Friedman, JJ.