■ RONALD VINDER, Respondent, v SHOWBRAN LEASING & MANAGEMENT, INC., et al., Defendants, and SHOSHANA VINDER-BOIM, Respondent, and RALPH W. LABENDZ, Appellant. [749 NYS2d 240] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered June 13, 2001, insofar as it dismissed

defendant Labendz's cross claims against a codefendant and guarantor, unanimously reversed, on the law, without costs, and the cross claims reinstated.

Defendant Vinderboim and defendant Labendz equally share ownership of the corporate defendants. Vinder, Vinderboim's son, took assignment of a defaulted loan on which defendants are alleged to be liable either as obligors or guarantors. The assignment happened five days after the present action to foreclose on promissory notes and for judgment against the guarantors was commenced. In his responsive pleadings, Labendz interposed cross claims against Vinderboim alleging, inter alia, breach of fiduciary duties, waste of corporate assets and unjust enrichment. Slightly more than a month after commencement and assignment, Labendz moved for an order to inspect the books of the corporate defendants and Vinder cross-moved for summary judgment. The IAS court thereafter denied Labendz's motion, granted Vinder summary judgment and, sua sponte, dismissed Labendz's cross claims against Vinderboim.

While a court may deny a party's motion for summary judgment and yet search the record to grant summary judgment to the nonmoving party on the same issue, summary judgment may not be granted sua sponte with respect to a separate issue which was not addressed by any party (*see City Wide Payroll Serv. v Israel Discount Bank of N.Y.*, 239 AD2d 537, 538; *Abedin v Tynika Motors*, 279 AD2d 595, 596; *Andriano v Caronia*, 117 AD2d 640). There was no motion for summary judgment by any party relating to the merits of the cross claims against Vinderboim. The issues related to Vinder's claims and the counterclaim by Labendz were independent of and separate from the cross claims and, accordingly, should have been left unresolved since it was premature to resolve them (*see Aguirre v Castle Am. Constr., L.L.C.*, 278 AD2d 348). Concur—Mazzarelli, J.P., Andrias, Buckley, Sullivan and Lerner, JJ.