■ DIANE MORRIS, as Personal Representative of the Estate of BRIAN MORRIS, Deceased, Respondent, v SOLOW MANAGEMENT CORPORATION et al., Appellants, et al., Defendants. [779 NYS2d 29]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered January 8, 2004, which, inter alia, denied the cross motion of defendants-appellants to amend their answer to include the affirmative defense of lack of capacity to sue and, upon such amendment, to dismiss the wrongful death action against them, unanimously affirmed, without costs.

Inasmuch as the basis for defendants' assertion that plaintiff was never duly appointed as the personal representative of the decedent's estate was known to defendants at the time they brought their cross motion, the assertion was not properly raised for the first time in defendants' reply papers, and was entitled to no consideration (*see Ritt v Lenox Hill Hosp.*, 182 AD2d 560, 562 [1992]). In any event, the language used in the English letters testamentary, appointing Charles Daniel Gibson personal representative of the decedent's estate "for the use and benefit of [plaintiff]," when considered in conjunction with the provision in the decedent's will naming plaintiff as sole executrix while naming Mr. Gibson as executor and trustee, along with plaintiff's affidavit in which she attests that she was duly appointed the personal representative of the decedent, her late husband, permit the inference that the appointment of Mr. Gibson, a solicitor, was not meant to exclude plaintiff from serving as the personal representative of her late husband's estate, but simply to facilitate plaintiff's discharge of her responsibilities as executrix. Accordingly, there was no basis to dismiss the complaint for failure to state a cause of action or for lack of capacity.

Estates, Powers and Trusts Law § 13-3.5, on which defendants rely, is unavailing to them since, as a foreign administrator suing not as an alter ego for the estate but as a trustee for the designated beneficiaries, plaintiff has standing to maintain a wrongful death action in this state upon the strength of her original letters (*see Wiener v Specific Pharms.*, 298 NY 346, 351-352 [1949]).

We have considered defendants' remaining arguments and find them unavailing. Concur—Buckley, P.J., Nardelli, Andrias, Williams and Gonzalez, JJ.