■ FRANKLIN FLORES et al., Respondents, v KAMALBIR SINGH et al., Appellants. [786 NYS2d 491]—

Order, Supreme Court, Bronx County (Anne E. Targum, J.), entered September 19, 2003, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, and defendants' motion granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

In this personal injury action arising from an automobile accident on November 12, 2000, defendants met their initial burden of establishing that plaintiffs have not sustained "serious injury" within the meaning of Insurance Law § 5102 (d), and contrary to the motion court's finding, plaintiffs' submissions failed to raise an issue of fact. Plaintiffs claimed no injuries

and sought no medical assistance at the time of the accident and admitted at their pretrial depositions that plaintiff Franklin Flores missed at most one day from work and his wife, plaintiff Christine Flores, missed no time from work. Other than some difficulty for Mrs. Flores in getting dressed and Mr. Flores's assertion that, on several vacations following the accident, he could not swim or dive off a diving board, neither plaintiff claimed that his or her injuries prevented him or her from performing substantially all of the material acts constituting his or her usual and customary daily activities for at least 90 of the 180 days following the accident (*see Ceruti v Abernathy*, 285 AD2d 386, 387 [2001]). Moreover, the virtually identical affidavits of plaintiffs' medical expert, Dr. Hausknecht, a nontreating physician, based upon his examination of plaintiffs on April 11, 2003, almost 2½ years after the accident and more than two years since either plaintiff had received any treatment (in the form of physical therapy) for his or her injuries, failed to explain the more than two-year lapse in treatment and were insufficient to create questions of fact, let alone demonstrate that either plaintiff suffered a serious injury. It is also well settled that the mere repetition of the word "permanent" based upon conclusory assertions, tailored to meet statutory requirements, is insufficient to meet that requirement or to defeat defendants' motion for summary judgment (*see Gaddy v Eyler*, 79 NY2d 955 [1992]). Concur—Buckley, P.J., Nardelli, Andrias, Saxe and Lerner, JJ.