■ UTON FERGUSON et al., Respondents, v BUDGET RENT-A-CAR et al., Appellants, and BAXTER LEACH, Respondent. [800 NYS2d 693]—

Order, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), entered March 8, 2004, which, inter alia, denied defendant rental agencies' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Although the agencies maintain that they may not be held liable as owners of the allegedly offending rental vehicle, the record discloses triable issues as to the vehicle's ownership. The

agencies' corporate representative testified that defendant Leach's rental agreement had been generated by the Ryder computer system and bore a Ryder number. The action as against Budget cannot be dismissed at this juncture since its corporate representative testified that Ryder had been merged with Budget, and accordingly Budget may have successor liability.

Triable issues of fact also precluded summary judgment dismissing the action upon the ground that plaintiffs had not, as a result of the accident, sustained serious injuries (see Insurance Law § 5102 [d]). Plaintiffs' expert conducted cervical and lumbosacral range-of-motion tests, compared each plaintiff's ranges of motion to the norm, and designated numeric loss-of-range-of-motion percentages ranging from 25% to 50%. This evidence was sufficient to raise factual issues as to whether the alleged injuries are serious within the meaning of the statute (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 350 [2002]; Lantigua v Williams, 305 AD2d 286 [2003]; Ramos v Dekhtyar, 301 AD2d 428, 429 [2003]). Plaintiffs' expert, on the basis of objective tests and examinations, also attributed each plaintiff's pain, stiffness and range-of-motion limitations to injuries sustained in the alleged accident, and opined that plaintiffs' injuries were permanent. He premised his conclusions additionally upon his review of contemporary MRIs, as well as treatment notes by other physicians, chiropractors and physical therapists.

While sustaining the action upon the aforementioned grounds, we note that the evidence does not disclose the existence of a triable issue as to whether plaintiffs were, by reason of injuries sustained in the alleged accident, prevented from performing substantially all of the material acts constituting their usual and customary activities for at least 90 of the first 180 days following the accident. Concur—Andrias, J.P., Saxe, Sullivan, Ellerin and Sweeny, JJ.