■ KABINE BERETE et al., Appellants, v FORD MOTOR CREDIT COMPANY et al., Respondents, et al., Defendants. [815 NYS2d 505]—

Order, Supreme Court, Bronx County (Dianne T. Renwick, J.), entered January 9, 2006, which granted defendants' motion and cross motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants sustained their initial burden of showing the absence of a triable issue on whether the plaintiff driver had suffered a "serious injury" for no-fault threshold purposes (Insurance Law § 5102 [d]), and plaintiffs failed to meet the burden that then shifted to them to show triable issues of fact (see *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). On the question of "permanent consequential limitation of use of a body organ or member" or a "significant limitation of use of a body function or system," defendants offered nonconclusory affidavits from medical experts who examined the accident victim and found no injury satisfying the statutory terms (see e.g. *Henkin v Fast Times Taxi*, 307 AD2d 814 [2003]; see also *Gaddy*, 79 NY2d at 956-957). Even were we to find plaintiffs' opposition supported by nonconclusory medical opinion, plaintiffs failed to offer "some reasonable explanation" for the "cessation of treatment" of an allegedly serious injury (see *Pommells v Perez*, 4

NY3d 566, 574 [2005]), which apparently resumed only so the treating physician could perform an expert evaluation at the request of plaintiffs' counsel. As for the injury under the 90/180-day test, defendants sustained their initial burden and plaintiffs failed to come forward with objective evidence of a medically determined injury or impairment of a nonpermanent nature (*see Copeland v Kasalica*, 6 AD3d 253 [2004]; *Hewan v Callozzo*, 223 AD2d 425 [1996]). Concur—Tom, J.P., Mazzarelli, Andrias, Marlow and Malone, JJ. [*See* 10 Misc 3d 1067(A), 2006 NY Slip Op 50010(U) (2006).]