*556 OPINION OF THE COURT
Lucy Billings, J.
1. Background
Plaintiff sues to recover for injuries he sustained September 2, 2003, when a vehicle defendant owned and was operating struck plaintiff, who was riding a bicycle. Defendant moves for summary judgment dismissing the complaint (CPLR 3212 [b]) on the ground that plaintiff has not sustained a “serious injury” entitling him to recover for “non-economic loss.” (Insurance Law § 5102 [d]; § 5104 [a].) For the reasons explained below, the court denies defendant’s motion except to the limited extent set forth. (CPLR 3212 [b], [e].)
II. Serious Injury
A. Defendant’s Evidence
Defendant’s physician, John Hughes, M.D., based on his examination of plaintiff as well as reports of a diagnostic study, found no neurological abnormalities in his lumbar spine. In a report dated August 22, 2005, Roger A. Berg, M.D., found magnetic resonance imaging (MRI) of plaintiffs lumbar spine, conducted October 21, 2003, showed the only abnormality to be a small disc bulge at the L5-S1 level, which Dr. Berg concluded was unrelated to the September 2003 collision.
Although Dr. Berg provides no objective evidence or rationale to support his conclusion regarding causation (see Offman v Singh, 27 AD3d 284, 285 [1st Dept 2006]; Thompson v Abbasi, 15 AD3d 95, 99 [1st Dept 2005]; Webb v Johnson, 13 AD3d 54 [1st Dept 2004]), Dr. Hughes’s findings are enough to demonstrate plaintiff did not sustain a permanent or significant limitation of functioning. (Thompson v Abbasi, 15 AD3d at 96; Bent v Jackson, 15 AD3d 46, 47 [1st Dept 2005]; Brown v Achy, 9 AD3d 30, 31 [1st Dept 2004].) Since Dr. Hughes found a full range of motion in plaintiffs lumbar spine, his failure to comment on MRI reports of plaintiff’s spine does not undermine the physician’s conclusion that plaintiff did not sustain a serious injury. (Servones v Toribio, 20 AD3d 330 [1st Dept 2005]; Meely v 4 G’s Truck Renting Co., Inc., 16 AD3d 26, 30 [1st Dept 2005].) Plaintiff’s deposition testimony that he missed one week of work after the collision, although no physician advised him to do so, further demonstrates he did not suffer an injury or impairment that prevented him from performing his daily activities for 90 of the 180 days following the collision. (Thompson v Abbasi, 15 AD3d at 101; Flores v Singh, 13 AD3d 203, 204 [1st *557 Dept 2004]; Copeland v Kasalica, 6 AD3d 253, 254 [1st Dept 2004] ; Nelson v Distant, 308 AD2d 338, 339 [1st Dept 2003].)
B. Plaintiffs Rebuttal
Lyzette Velazquez, M.D., initially examined plaintiff on September 16, 2003, and found restrictions on range of motion from 33% to 46% in various planes in his lumbar spine. Her follow-up examination on November 17, 2003 revealed similar restrictions ranging from 31% to 55%. Upon examining plaintiff on April 29, 2005, Dr. Velazquez found restrictions on range of motion in plaintiffs lumbar spine of 44% in flexion, 11% in extension, and 42.8% in lateral bending.
Contrary to Dr. Berg, Dr. Velazquez found that the October 2003 MRI of plaintiffs spine showed a disc herniation at L5-S1. While the record is not clear whether she reviewed the MRI films or a report, the court must construe her affirmation in the light most favorable to plaintiff. (Toure v Avis Rent A Car Sys., 98 NY2d 345, 353 [2002].) Her regurgitation of the MRI report’s precise terms suggests she undertook no independent review of the actual films, but does not necessarily contradict a finding that after her own review she simply concurred with the report. Any determination here as to whether she reviewed the films or only the report would amount to an impermissible credibility determination via a summary judgment motion. (Rosario v Universal Truck & Trailer Serv., 7 AD3d 306, 309 [1st Dept 2004]; Choudhury v Hsien Chen, 273 AD2d 142 [1st Dept 2000]; Vargas v New York City Tr. Auth., 254 AD2d 175, 176 [1st Dept 1998]; Parker v Defontaine-Stratton, 231 AD2d 412, 413 [1st Dept 1996].)
Although the electromyelogram on which Dr. Velazquez bases her diagnosis of radiculopathy is not in the record, her findings of persistent, quantified restrictions on plaintiffs lumbar range of motion, objectively supported by her diagnosis of a lumbar herniation (McNair v Lee, 24 AD3d 159, 160 [1st Dept 2005]; Rosario v Universal Truck & Trailer Serv., 7 AD3d at 309; Shinn v Catanzaro, 1 AD3d 195, 198 [1st Dept 2003]), raise factual issues whether plaintiffs impairment constitutes a serious injury. (Ferguson v Budget Rent-A-Car, 21 AD3d 730, 731 [1st Dept 2005] ; Seda v Khabrane, 16 AD3d 118 [1st Dept 2005].) Dr. Velazquez further attributes plaintiffs limitations and underlying herniation to the September 2003 trauma and concludes these conditions are all permanent, so as to qualify as both a significant limitation of functioning and a permanent consequential limitation caused by the collision.
*558 Plaintiff’s deposition testimony indicating his inability to work 40 nonconsecutive days after the initial week still does not demonstrate the inability to function for the required 90 days. Plaintiff also presents no medical evidence to support his claim of disability from working, as is required to raise a factual issue of an impairment that prevented his functioning for 90 of the 180 days following the collision. (Thompson v Abbasi, 15 AD3d at 101; Copeland v Kasalica, 6 AD3d at 254; Nelson v Distant, 308 AD2d at 340.) He thus fails to rebut defendant’s evidence estabhshing the absence of a serious injury in this category.
C. Treatment Gap
Dr. Velazquez’s report in opposition to defendant’s motion discloses a 15-to-17-month gap in plaintiff’s treatment: from November 2003 or at least January 2004 to April 2005, which if unexplained would be fatal, to plaintiffs claim of a significant or permanent consequential limitation. (Baez v Rahamatali, 24 AD3d 256 [1st Dept 2005], affd 6 NY3d 868 [2006]; Pommells v Perez, 4 NY3d 566, 574 [2005]; Agramonte v Marvin, 22 AD3d 322 [1st Dept 2005]; Colon v Kempner, 20 AD3d 372, 374 [1st Dept 2005].) Defendant, however, did not raise a treatment gap in his motion.
Ordinarily the court may not consider issues raised for the first time in reply. (McNair v Lee, 24 AD3d at 160; Morris v Solow Mgt. Corp., 8 AD3d 126, 127 [1st Dept 2004]; Jackson v Bronx Lebanon Hosp. Ctr., 7 AD3d 356, 357 [1st Dept 2004]; Leeds v Lenox Hill Hosp., 6 AD3d 232 [1st Dept 2004].) Consideration of a treatment gap defense first addressed in reply is nonetheless permissible when the defense is first revealed by plaintiffs evidence in opposition to defendant’s motion, as long as plaintiff then is permitted to respond further. (Home Ins. Co. v Leprino Foods Co., 7 AD3d 471 [1st Dept 2004]; Gaud v Markham, 307 AD2d 845, 846 [1st Dept 2003]; NYCTL 1996-1 Trust v Railroad Maintenance Corp., 266 AD2d 39, 40 [1st Dept 1999].) In actions claiming a serious injury under Insurance Law § 5102 (d), defendant may not always be in a position to discern a treatment gap until plaintiff sets forth his evidence, any more than plaintiff may be expected to address a treatment gap not raised by defendant. Furthermore, defendant is in no position to determine whether to raise the treatment gap defense until he knows plaintiff will claim a category of serious injury to which a treatment gap is a defense. It does not pertain, for example, to an impairment that prevents performing customary activities for 90 of the 180 days following the col *559 lision (Berete v Ford Motor Credit Co., 10 Misc 3d 1067[A], 2006 NY Slip Op 50010[U] [Sup Ct, Bronx County 2006], affd 29 AD3d 452 [1st Dept 2006]; Gomez v Ford Motor Credit Co., 10 Misc 3d 900, 904 [Sup Ct, Bronx County 2005]), or to other categories, such as a fracture or significant disfigurement, which also may not be discernible from the initial pleadings. (Insurance Law § 5201 [d].)
Here, however, defendant did not raise a treatment gap even in his reply. This omission raises the issue whether the court may, by searching the record, grant summary judgment to defendant on a basis first presented by plaintiffs opposition to defendant’s summary judgment motion and not raised by defendant at all. Unquestionably, the court may search the record to grant summary judgment to a non-moving party entitled to summary judgment (CPLR 3212 [b]; Maheshwari v City of New York, 2 NY3d 288, 293 n 2 [2004]; Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106, 111 [1984]), but may not do so on an issue unrelated to the issues raised in the summary judgment motion. (Dunham v Hilco Constr. Co., 89 NY2d 425, 429-430 [1996]; Vinder v Showbran Leasing & Mgt., 298 AD2d 325, 326 [1st Dept 2002]; Frank v City of New York, 211 AD2d 478, 479 [1st Dept 1995].) Searching the record to grant summary judgment to a nonmoving party affords an expedient resolution of a claim in that party’s favor once the court has determined the party is entitled to relief. (Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d at 112; see Barca v City of New York, 13 Misc 3d 464, 466-467 [Sup Ct, Bronx County 2006]; Quinones v Caballero, 10 Misc 3d 486, 494 [Sup Ct, Bronx County 2005].) Dismissing a serious injury claim against all defendants when one moving defendant has shown the plaintiff lacks a serious injury, for example, fits within this scheme, because that issue is identical for all defendants and applies with equal force to each. (Nelson v Distant, 308 AD2d at 340; Jason v Danar, 1 AD3d 398, 399 [2d Dept 2003]; Grell v MABSTOA, 288 AD2d 259, 260 [2d Dept 2001]; Dinkle v Lagala, 246 AD2d 624, 625 [2d Dept 1998].)
Here, since no party addressed the issue of a gap in plaintiffs treatment, even were defendant a non-moving party, the court could not grant summary judgment to him. Granting defendant summary judgment based on the treatment gap would convert the motion into a review of every claim and defense in this action and ultimately shift the burden of proof away from the moving party. (See Dunham v Hilco Constr. Co., 89 NY2d at 430.) Here, moreover, defendant is the moving party.
*560 Perhaps most importantly, in this posture, there is no certainty that the court, in granting judgment to defendant, would be resolving the action in favor of a party entitled to that relief. (See Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d at 112.) Defendant, in fact, may have been aware of evidence showing plaintiff’s continuous treatment or explaining the gap, but obviously had no reason to present that evidence. Plaintiff, on the other hand, may have omitted presenting that evidence in admissible form, believing he was presenting all that was necessary to oppose defendant’s prima facie defense. In sum, because defendant, as the moving party, bore the burden to demonstrate plaintiff did not sustain a serious injury under any category, CPLR 3212 (b) simply does not authorize the court to grant summary judgment to the moving party, on an unaddressed basis, by searching the record.
III. Conclusion
To recapitulate, although defendant failed to meet his burden of demonstrating a gap in plaintiffs treatment, defendant met his burden of demonstrating plaintiff did not sustain a serious injury from the September 2003 collision. Plaintiff, however, raised factual issues, but only regarding significant and permanent consequential limitations. Therefore the court grants defendant’s motion for summary judgment only to the extent of dismissing any claim of serious injury under the 90 out of 180 days’ category, but otherwise denies defendant’s motion. (CPLR 3212 [b], [e]; Ferguson v Budget Rent-A-Car, 21 AD3d at 731; see Toussaint v Claudio, 23 AD3d 268, 268-269 [1st Dept 2005].)