ANGEL L. CARRIER, Appellant, v MARY H. SHAW, Respondent. [839 NYS2d 640]—

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered April 11, 2006 in a personal injury action. The order, among other things, granted defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion in part and reinstating the complaint, as amplified by the bill of particulars, with respect to the permanent consequential limitation of use of a body organ or member and significant limitation of use of a body function or system categories of serious injury within the meaning of Insurance Law § 5102 (d) and as modified the order is affirmed without costs.

Memorandum: Plaintiff was injured when the vehicle she was driving was rear-ended by a vehicle driven by defendant, and defendant thereafter moved for summary judgment dismissing the complaint. We conclude that Supreme Court erred in granting defendant's motion insofar as the complaint, as amplified by

the bill of particulars, alleges that plaintiff sustained a serious injury within the meaning of two categories of serious injury set forth in Insurance Law § 5102 (d), i.e., the permanent consequential limitation of use and significant limitation of use categories. We therefore modify the order accordingly. Plaintiff does not address on appeal the propriety of the order with respect to the third category alleged, i.e., the 90/180 category, and thus is deemed to have abandoned any issue with respect to that category (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]).

We conclude with respect to the two remaining categories of serious injury that, although defendant met her initial burden, plaintiff raised issues of fact by submitting competent and objective medical evidence with respect to the nature and extent of her injuries (*see e.g. Bitici v New York City Tr. Auth.*, 245 AD2d 157 [1997]; *Cassagnol v Williamsburg Plaza Taxi*, 234 AD2d 208 [1996]). The affidavits of plaintiff's treating physicians include findings based on their examinations of plaintiff as well as her X rays and abnormal ENG findings (*see generally Parker v Defontaine-Stratton*, 231 AD2d 412 [1996]; *Cesar v Felix*, 181 AD2d 852, 853-854 [1992]). Thus, the submissions of plaintiff in opposition to defendant's motion did not consist solely of her subjective complaints or her physicians' conclusory and speculative statements, which would have been insufficient to defeat defendant's motion (*see Velez v Cohan*, 203 AD2d 156, 157-158 [1994]; *see generally Braham v U-Haul Co.*, 195 AD2d 277, 277-278 [1993]).

In view of our modification of the order, we note that plaintiff's cross motion for partial summary judgment on the issue of negligence is no longer moot (*see Pecora v Lawrence*, 28 AD3d 1136, 1137 [2006]). Present—Gorski, J.P., Martoche, Centra, Fahey and Peradotto, JJ.