# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**287**

**CA 13-01371**

PRESENT: SMITH, J.P., LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

ANTHONY P. FANTI AND DEBORAH FANTI,
PLAINTIFFS-RESPONDENTS,

V                                    MEMORANDUM AND ORDER

JUAN CONCEPCION AND DARLENE CAMACHO,
DEFENDANTS-APPELLANTS.

---

LAW OFFICE OF DANIEL R. ARCHILLA, BUFFALO (JILL Z. FLORKOWSKI OF
COUNSEL), FOR DEFENDANTS-APPELLANTS.

FREID AND KLAWON, WILLIAMSVILLE (WAYNE I. FREID OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Joseph R.
Glownia, J.), entered October 23, 2012.  The order, insofar as
appealed from, denied the motion of defendants-appellants for summary
judgment dismissing the complaint.

It is hereby ORDERED that the order insofar as appealed from is
unanimously reversed on the law without costs, the motion is granted
and the complaint against defendants-appellants is dismissed.

Memorandum:  Plaintiffs commenced this action seeking damages for
injuries allegedly sustained by Anthony P. Fanti (plaintiff) in May
2007 when the vehicle he was driving was struck from behind by a
vehicle owned by Juan Concepcion and driven by Darlene Camacho
(defendants).  In October 2007 plaintiff was involved in a virtually
identical rear-end collision, and plaintiffs commenced a separate
action against the owner and driver of the vehicle that struck
plaintiff's vehicle in that accident.  This Court previously modified
the instant order in a prior appeal taken by those defendants
therefrom (*Fanti v McLaren*, 110 AD3d 1493).

We conclude that Supreme Court erred in denying defendants'
motion seeking summary judgment dismissing the complaint on the ground
that plaintiff did not sustain a serious injury within the meaning of
Insurance Law § 5102 (d) in the May 2007 accident.  Plaintiffs have
conceded that plaintiff did not sustain a serious injury as the result
of the first accident, but they contend that defendants are
nevertheless liable for the injuries sustained in the second accident.
We reject that contention.  "Defendants are not liable for injuries
sustained in the second accident that are distinguishable from the
injuries sustained in the first accident" (*Owens v Nolan*, 269 AD2d

794, 795; *cf. Daliendo v Johnson*, 147 AD2d 312, 313).