■ LAURA CONNORS et al., Respondents, v CENTER CITY, INC., et al., Defendants, and PAUL YUEN et al., Appellants. (And a Third-Party Action.) [738 NYS2d 219] —In an action to recover damages for personal injuries, etc., the defendant Paul Yuen appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Lebowitz, J.), dated January 19, 2001, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff Laura Connors did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and the defendants Good Hope Missionary Church and Cleve E. Roberson separately appeal from the same order.

Ordered that the appeal by the defendants Good Hope Missionary Church and Cleve E. Roberson is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered the order is affirmed insofar as appealed from by the defendant Paul Yuen, without costs or disbursements.

The defendant Paul Yuen failed to make a prima facie showing that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). In support of his motion for summary judgment, Yuen submitted the affirmed medical evaluations of his physicians, which were based on examinations performed more than 1½ years after the accident. Those physicians concluded that the injured plaintiff was not disabled at the time of their examinations. However,

this proof was insufficient to establish that the injured plaintiff did not sustain a medically-determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for a period of not less than 90 days during the 180-day period immediately following the accident (*see, Frier v Teague,* 288 AD2d 177; *DePetres v Kaiser,* 244 AD2d 851). Moreover, the injured plaintiff's affidavit, the affidavit of her treating chiropractor, and other medical evidence in the record, raised a triable issue of fact as to whether the injured plaintiff sustained a medically-determined injury which prevented her from performing her usual activities "to a great extent rather than some slight curtailment" for the statutory period (*Licari v Elliott,* 57 NY2d 230, 236; *see, Krakofsky v Fox-Rizzi,* 273 AD2d 277; *Shifren v Scheiner,* 269 AD2d 381; *Kaywood v Pumillo,* 264 AD2d 382; *Ryan v Xuda,* 243 AD2d 457). Prudenti, P.J., Florio, S. Miller, Friedmann and Adams, JJ., concur.