In the Matter of FEIL LOUIS BROADWELL MANAGEMENT CORPORATION et al., Appellants, v NEW YORK CITY ENVIRONMENTAL CONTROL BOARD et al., Respondents. [740 NYS2d 610] —Order and judgment (one paper), Supreme Court, New York County (Paula Omansky, J.), entered October 25, 2000, which denied the petition and dismissed the proceeding brought pursuant to CPLR article 78 to annul a determination of respondent New York City Environmental Control Board, dated November 29, 1999, which reinstated violations issued against petitioners upon a finding that the service of the notices of violations (NOVs) fully complied with New York City Charter § 1404 (d) (2), unanimously affirmed, without costs.

Contrary to petitioners' argument, there was a rational basis (*see, Matter of Pell v Board of Educ.*, 34 NY2d 222, 231; *Greystone Mgt. Corp. v Conciliation & Appeals Bd.*, 94 AD2d 614, *affd* 62 NY2d 763) for respondent Environmental Control Board's finding that the computer-generated NOVs served upon petitioners contained sufficient information to constitute "copies" of the originally posted NOVs within the meaning of City Charter § 1404 (d). While not precise duplicates of the posted NOVs, the NOVs served upon petitioners met all of the NOV content requirements set forth in City Charter § 1404 (d) (1) (c), and additionally included the directives required pursuant to Administrative Code of the City of New York § 26-126.2 (a) mandating corrective measures, thus accomplishing the salutary purpose of harmonizing the relevant Charter and Code provisions (*see, Matter of Langsam Prop. Servs. Corp. v McCarthy*, 261 AD2d 208, 210; *City of New York Envtl. Control Bd. v H.S.C. Mgt. Corp.*, 191 AD2d 267, 269, *affd in relevant part* 82 NY2d 854).

Nor is there merit to petitioners' claim that the NOVs served upon them did not meet minimum due process standards. As the article 78 court found, the NOVs provided notice reasonably calculated to apprise petitioners of the violations with which they were charged and afford them the opportunity to present objections thereto (*see, Raschel v Rish*, 69 NY2d 694, 696, citing *Mullane v Central Hanover Trust Co.*, 339 US 306, 314; *Matter of Block v Ambach*, 73 NY2d 323, 332-336).

We have considered petitioners' remaining arguments and find them unavailing. Concur—Nardelli, J.P., Tom, Buckley, Rosenberger and Ellerin, JJ.