■ PATRICK WEBB, Appellant, v MAUREEN JOHNSON et al., Respondents. [786 NYS2d 22]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered on or about August 13, 2003, which granted defendants' motion and cross motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motions denied, the complaint reinstated, and the matter remanded for further proceedings.

On January 2, 2000, plaintiff was a passenger in defendant Maureen Johnson's car when it was hit by defendant Pookie Hacking Corp.'s car, which was driven by defendant Boubacar Diallo. Defendants moved for summary judgment and the dismissal of the complaint on the ground that plaintiff did not suffer a serious physical injury within the meaning of Insurance Law § 5102 (d). The court improperly granted defendants' motion and cross motion as defendants failed to submit proof in admissible form sufficient to meet their burden of establishing a prima facie entitlement to summary judgment. Defendant Johnson submitted the affirmation of a neurologist, Dr. Feuer, and an affidavit of a chiropractor, Dr. Filardi, as support. These two-page documents were insufficient to satisfy defendant's prima facie burden as each referenced an "annexed report" to explain their respective conclusions regarding plaintiff's lack of serious physical injury, which reports do not appear anywhere in the record. In addition, while each opines that the range of motion of the cervical spine was normal, neither specifies the degree of motion they found or what is considered normal. Moreover, neither supporting document states that the examining physicians had the MRI films or reports in their possession, which reports found evidence of disc herniations and bulges, thereby undermining their opinion that there was no objective evidence to support plaintiff's subjective complaints of pain. Finally, neither the affirmation nor the affidavit support an inference that plaintiff's problems related to a prior injury as neither physician was in possession of any medical records related to the 1994 injury.

Similarly insufficient is Dr. DeJesus' affirmed report submit-

ted in support of the cross motion. While more detailed, her report fails to state that she reviewed the MRI films or the report interpreting those films by Dr. Barax. Dr. DeJesus also failed to specify the range of motion that she found and what she compared it to in order to reach her conclusion that plaintiff's range of motion was normal. Finally, this report cannot be considered as probative on the issue of whether plaintiff suffered a medically determined injury that prevented plaintiff from performing substantially all of the material acts which constituted his usual and customary daily activities for a period of not less than 90 days during the 180-day period immediately following the accident because Dr. DeJesus' examination was conducted two years after the accident (*Connors v Center City*, 291 AD2d 476, 477 [2002]). Concur—Tom, J.P., Sullivan, Lerner, Gonzalez and Catterson, JJ.