■ Martin Watt et al., Appellants, v Stephen Francis, Defendant, and Hillman Rebello et al., Respondents. [791 NYS2d 550]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered June 7, 2004, which granted defendants' motion for summary judgment dismissing the complaint for lack of a serious injury as defined by Insurance Law § 5102 (d), unanimously affirmed, without costs.

Plaintiff's claim that he sustained injuries to his back and shoulder as a result of the accident is objectively supported by MRIs taken a week after the accident revealing disc bulges in the cervical and lumbar spine and another MRI taken 3½ months after the accident revealing a partial tear of a shoulder tendon. In support of their motion for summary judgment, defendants relied on plaintiff's deposition testimony that he missed only about a week and a half of work immediately after the accident, and that while he experienced mild and intermit-

tent back pain, he could do "pretty much" everything he had done before the accident; the report of a physical examination conducted by plaintiff's treating physician two months after the accident setting forth the results of various range of motion tests in numeric terms, finding "full range of motion" in the upper and lower extremities," diagnosing "right shoulder pain resolving" and "lumbar strain," and recommending "Tylenol/ Motrin" and physical therapy; plaintiff's cessation of treatment five months after the accident; and the report of a physical examination conducted by defendant's physician 4½ years after the accident finding that plaintiff had "full active range of motion in all planes" of the cervical and lumbar spine and both shoulders, and concluding that "sprains" in the cervical and lumbar spine and right shoulder had resolved with no orthopedic disability or other "residuals." We reject plaintiff's argument that defendants failed to satisfy their initial burden of proving, prima facie, that he did not suffer a serious injury. Although defendants' physician, in stating that plaintiff had "full range of motion," did not identify what motions were actually tested or the tests performed, and also did not indicate the actual ranges of motion exhibited and compare those ranges to the norm, taken together with the report of plaintiff's treating physician, which did identify the specific tests performed and provide numeric values for plaintiff's ranges of motion, as well as plaintiff's deposition testimony and treatment history, defendants more than adequately satisfied their initial burden (*see Franchini v Palmieri*, 1 NY3d 536 [2003]; *compare Webb v Johnson*, 13 AD3d 54 [2004]). Concur—Buckley, P.J., Marlow, Ellerin, Gonzalez and Sweeny, JJ.