■ JOSE OFFMAN et al., Appellants, v HARJINDER SINGH et al., Respondents. [813 NYS2d 56]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered May 19, 2005, which granted defendants' motion for summary judgment dismissing the complaint on the ground that plaintiffs did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) and denied as moot plaintiffs' cross motion for partial summary judgment as to liability, unanimously reversed, on the law, without costs, the motion denied, the complaint reinstated, the denial of the cross motion vacated and the cross motion remanded for determination.

On June 6, 2002, plaintiffs were in a car which was struck by a vehicle operated by defendant Singh and owned by defendant Hi-Teck Auto S. Management while plaintiffs were allegedly stopped at a stop sign. Defendants moved for summary judgment to dismiss plaintiffs' complaint on the ground that neither suffered a serious injury within the meaning of Insurance Law § 5102 (d). Plaintiffs cross-moved for partial summary judgment as to liability. The court improperly granted defendants' motion as they failed to submit proof in admissible form sufficient to meet their burden of establishing a prima facie entitlement to summary judgment (*see Nix v Yang Gao Xiang*, 19 AD3d 227 [2005]).

Defendants' neurologist's submissions, wherein she affirmed "the integrity" of each report and that each "is true to the best of my knowledge and information," fail to comply with CPLR 2106 which requires a physician's statement to be "affirmed . . . to be true under the penalties of perjury" (*see Gilphilin v Ware*, 205 AD2d 353 [1994]; *McLoyrd v Pennypacker*, 178 AD2d 227 [1991], *lv denied* 79 NY2d 754 [1992]; *see also Tattegrain v New York City Tr. Auth.*, 2002 NY Slip Op 40296[U], *2 [App Term, 2d Dept 2002] [affirmation in which doctor affirmed "to the best of my knowledge the statements contained in this

report are true" insufficient to satisfy CPLR 2106]). That plaintiffs' doctor's affirmation in their responsive papers may have suffered from the same infirmity is of no consequence. Because defendants failed to make a prima facie showing their motion must be denied, regardless of the claimed insufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Diaz v Nunez*, 5 AD3d 302 [2004]).

Assuming arguendo that the neurologist's reports were competent, defendants nonetheless failed to meet their threshold burden. The examining neurologist's reports failed to indicate what, if any, objective tests were employed to examine plaintiff Emma Offman's hearing, and they failed to address the objective findings of plaintiff Jose Offman's MRIs which showed a disc herniation at L4-5 and a bulge at C6-7 (*see Nix, supra*). Moreover, the neurologist's report as to plaintiff Jose Offman does not support an inference that his injuries related to a prior accident as the report does not indicate whether the doctor possessed any medical record relating to the first accident, which occurred four years earlier (*see Webb v Johnson*, 13 AD3d 54 [2004]).

Since the motion court granted defendants' motion on the threshold question of serious injury, it did not reach the merits of plaintiffs' cross motion for partial summary judgment as to liability. Accordingly, we vacate the denial of the cross motion and remand for the motion court to consider the cross motion on the merits. Concur—Mazzarelli, J.P., Marlow, Williams, Sweeny and Malone, JJ.