■ DONALD R. BRAY, Appellant, v RUBEN ROSAS et al., Respondents. [815 NYS2d 69]—

---

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered May 26, 2005, which, insofar as granted plaintiff's motion for summary judgment as to fault with respect to defendant Castillo and insofar as granted the cross motion of the Rosas defendants for summary judgment on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, the Rosas cross motion denied, the complaint reinstated as to them, and, upon a search of the record, the complaint against defendant Castillo dismissed. The Clerk is directed to enter judgment dismissing the complaint against defendant Castillo.

On September 11, 2002, plaintiff was involved in a car accident with defendants. The vehicle plaintiff was operating was struck in the rear by the vehicle owned by defendant Cathryn Rosas and operated by defendant Ruben Rosas. The impact propelled plaintiff's vehicle forward, and it struck the rear of defendant Jose Castillo's vehicle. Plaintiff moved for summary judgment on the issue of fault. The Rosas defendants cross-moved for summary judgment, claiming that plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d). Defendant Castillo cross-moved for summary judgment on the grounds of fault and serious injury. The court granted plaintiff's motion as to fault and also granted defendants' respective motions to dismiss on the ground that plaintiff failed to raise a factual issue as to serious injury.

Defendants failed to make a prima facie showing that plaintiff did not sustain a serious injury as a result of this accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Webb v Johnson*, 13 AD3d 54 [2004]). Although defendants' orthopedist specified the degrees of range of motion found in plaintiff's lumbar spine, he failed to compare those findings to the normal range of motion, "thereby leaving the court to speculate as to the meaning of those figures" (*Manceri v Bowe*, 19 AD3d 462, 463 [2005]; *see also Toure*, 98 NY2d at 350; *Webb*, 13 AD3d 54 [2004]). While plaintiff appears to have abandoned his claim of injuries to the cervical spine, we observe that defendants' orthopedist not only failed to identify normal range of motion of the cervical spine, but also failed to specify the degrees of range of motion in plaintiff's cervical spine.

Both the neurologist's and orthopedist's respective reports do not support an inference that plaintiff's injury, specifically a fracture at T11, related to a prior accident, as neither report indicates whether the doctor possessed any medical record re-

lating to an earlier accident (see Webb, 13 AD3d at 54), and, in any event, neither doctor relates plaintiff's current complaint to any prior injury. The Rosas defendants' attorney's reply affirmation attempts to establish a causal connection between the fracture and the earlier accident. However, counsel's hearsay affirmation is legally incompetent because, inter alia, she has not demonstrated expertise at interpreting medical records nor is there any basis to conclude she has personal knowledge of the facts asserted (see Zuckerman v City of New York, 49 NY2d 557, 563 [1980]). The Rosas defendants' attorney maintains that plaintiff's doctor does not relate the T11 fracture to the subject accident. However, these defendants' experts fail to state, in support of their motion, that the T11 fracture was not caused by the subject accident. Indeed, as proponents of summary judgment, defendants bore the initial burden of establishing that plaintiff has no cause of action (see Rodriguez v Goldstein, 182 AD2d 396 [1992]; compare Brown v Achy, 9 AD3d 30 [2004]).

Because the Rosas defendants failed to make a prima facie showing, their cross motion must be denied, regardless of the claimed insufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]; Diaz v Nunez, 5 AD3d 302 [2004]).

Upon a search of the record, and as conceded at oral argument, we find defendant Castillo was not at fault in this accident (see Johnson v Phillips, 261 AD2d 269 [1999]). Accordingly, Castillo's cross motion for summary judgment on the issue of fault should have been granted and the complaint dismissed as to him. Concur—Andrias, J.P., Friedman, Marlow, Catterson and Malone, JJ.