■ EIRIT SIMANTOV, Respondent, v KIPPS TAXI, INC., et al., Appellants. [891 NYS2d 393]—

Defendants failed to make a prima facie showing of entitlement to judgment as a matter of law. The range of motion findings of defendants' neurologist, who had not reviewed any of plaintiff's medical records, were not probative since they were not stated to be based on objective tests (*see Linton v Nawaz*, 62 AD3d 434, 438-439 [2009]; *Glynn v Hopkins*, 55 AD3d 498 [2008]), and their radiologist failed to address a number of the injuries claimed in the bill of particulars (*see Menezes v Khan*, 67 AD3d 654 [2d Dept 2009]; *Delayhaye v Caledonia Limo & Car Serv., Inc.*, 61 AD3d 814, 815 [2009]). Furthermore, defendants only addressed plaintiff's claimed 90/180 day disability in reply (*see Ritt v Lenox Hill Hosp.*, 182 AD2d 560, 562 [1992]).

Defendants' failure to meet their initial burden of establishing a prima facie case renders it unnecessary to consider plaintiff's opposition to the motion (*see Offman v Singh*, 27 AD3d 284 [2006]). Concur—Mazzarelli, J.P., Catterson, Moskowitz, Richter and Manzanet-Daniels, JJ.