CHANTEL S. JACKSON, Respondent, v J. DELOSSANTOS-DIAZ, Appellant. [918 NYS2d 97]—

Defendant failed to meet his initial burden to show that no triable issue of fact exists as to whether plaintiff sustained a significant limitation within the meaning of Insurance Law § 5102 (d). The report by defendant's orthopedic expert, based on a recent examination, found limitations in range of motion in plaintiff's left shoulder but failed to set forth objective findings as to whether the limitations were significant or caused by the subject accident (see Shaw v Looking Glass Assoc., LP, 8 AD3d 100, 103 [2004]).

However, defendant met his initial burden to show that no triable issue of fact exists as to whether the accident caused plaintiff's alleged fracture. Defendant's radiology expert affirmed that any bone abnormality was caused by a preexisting degenerative condition (see Bray v Rosas, 29 AD3d 422, 424 [2006]). Plaintiff failed to meet her burden to present any evidence raising a triable issue of fact as to the cause of the fracture. Although she presented a report by the radiologist who conducted the MRI and who concluded that plaintiff had a fracture in her left shoulder, this report was silent as to the cause of the fracture (see id.).

Finally, defendant met his initial burden to show that plaintiff submitted no objective evidence establishing that she was unable to engage in any of her usual activities at any point during the 180 days immediately following the accident. Plaintiff submitted only self-serving testimony, which does not suffice to raise a triable issue of fact concerning whether she met the

threshold requirement for the 90/180-day category (*see Nelson v Distant*, 308 AD2d 338, 339 [2003]). Concur—Andrias, J.P., Catterson, Moskowitz, Abdus-Salaam and Román, JJ.