■ JUDY MANZANO, Appellant, v CITY OF NEW YORK et al., Respondents. [966 NYS2d 894]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ash, J.), dated October 19, 2011, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of subject accident.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

In support of their motion for summary judgment dismissing the complaint, the defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted, inter alia, competent medical evidence establishing, prima facie, that the alleged injuries to the cervical region of the plaintiff's spine did not constitute serious injuries under the significant limitation of use category of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]).

In opposition, the plaintiff submitted, inter alia, the affirmed medical report of her physician, Baburao Doddapaneni, which included quantitative range-of-motion findings showing significant limitations in the cervical region of the plaintiff's spine during an examination conducted shortly after the subject accident and an examination conducted 2½ years after the subject accident. This evidence raised a triable issue of fact as to whether the plaintiff sustained a significant limitation of use in the cervical region of her spine both in the degree of limitation and its duration (*see* Insurance Law § 5102 [d]; *Estrella v GEICO Ins. Co.*, 102 AD3d 730, 731-732 [2013]). Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Angiolillo, J.P., Balkin, Austin and Miller, JJ., concur.