Hyon Chu Kim v Denicker (2019 NY Slip Op 00426)





Hyon Chu Kim v Denicker


2019 NY Slip Op 00426


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2017-06656
 (Index No. 8940/15)

[*1]Hyon Chu Kim, appellant, 
v
Anthony Denicker, et al., respondents.


Richard U. Pak, Flushing, NY, for appellant.
Morris Duffy Alonso & Faley, New York, NY (Iryna S. Krauchanka and Andrea M. Alonso of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered April 20, 2017. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained in a motor vehicle accident on June 29, 2014. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The Supreme Court granted the motion, and the plaintiff appeals.
The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). In opposition, however, the plaintiff raised a triable issue of fact as to whether she sustained a serious injury to the cervical region of her spine under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) as a result of the accident (see Manzano v City of New York, 107 AD3d 960; Estrella v GEICO Ins. Co., 102 AD3d 730, 731-732), based upon the affirmation of her treating physician (see Sprole v Sprole, 151 AD3d 1413; cf. Offman v Singh, 27 AD3d 284) and the affidavit of her chiropractor.
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint.
LEVENTHAL, J.P., HINDS-RADIX, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court