Williams v Dia (2024 NY Slip Op 51662(U))

[*1]

Williams v Dia

2024 NY Slip Op 51662(U)

Decided on December 9, 2024

Supreme Court, Bronx County

Howard-Algarin, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 9, 2024
Supreme Court, Bronx County

Sharon Williams, Plaintiff,

against
Ibou Kane Dia, LYFT INC. and JORGE GERENA, Defendants.

Index No. 801635/2021E

Counsel for plaintiff Sharon Williams: Leav & Steinberg, LLP
Counsel for defendant Ibou kane Dia: Baker, Mcevoy & Moskowits
Counsel for defendant Lyft, Inc.: Lewis Brisbois Bisgaard & Smith, LLP
Counsel for defendant Jorge Gerena: Morris, Duffy, Alonso, Faley & Pitcoff

John A. Howard-Algarin, J.

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of this motions for summary judgment:
Papers                      
NYSCEF Doc. No(s).
Notice of Motion, Affirmation in Support, Statement of Material Facts, Exhibits Thereto 46-54, 55-57
Notice of Cross-Motion, Affirmation in Support, Statement of Material Facts, Exhibits Thereto 63-74, 75-86
Affirmation(s) in Opposition 87
In this motor vehicle negligence action, defendants, Ibou Kane Dia ("Dia") and Jorge Gerena ("Gerena"), each move for an Order, pursuant to CPLR § 3212, granting summary judgment as against plaintiff, Sharon Williams ("Plaintiff"), on the ground that she has not suffered a qualifying injury under Insurance Law § 5102[d][FN1]
(Motion Sequence Nos. 2 & 3, [*2]respectively).[FN2]
Plaintiff opposes both applications asserting that there are triable issues of fact as to whether she suffered a qualifying injury caused by the subject accident.
Separately, plaintiff cross-moves for an order, pursuant to CPLR § 3212, granting her partial summary judgment against defendants on the ground that she is an innocent passenger and cannot bear any liability for the underlying motor vehicle accident. Dia opposes plaintiff's cross-motion asserting that there are triable issues of fact as to plaintiff and Gerena's comparative liability for the subject accident. For the sake of judicial economy and efficiency, all three applications are decided within. For the reasons stated below, defendants' motions are granted in part and denied in part, and plaintiff's cross-motion is granted to a limited extent.
Case Background.
Plaintiff's cause of action arises from personal injuries she allegedly sustained on September 29, 2020, when a motor vehicle operated by Dia, in which plaintiff was a rear-seated passenger, ran a stop sign at the intersection of Stanley and Atkins Avenues in Kings County and came in contact with a vehicle owned and operated by defendant Jorge Gerena (NYSCEF Doc No 49, 65). As a result of the accident, plaintiff alleges that she sustained injuries to her right shoulder, including but not limited to tears of the supraspinatus, infraspinatus and subscapularis tendons; lower back (lumbar spine), including but not limited to a herniation at L3/4 and bulges at L2/3 and L5/S1; and right knee, including but not limited to sprains to the ACL, MCL and PCL (NYSCEF Doc No 51 at ¶ 10). Plaintiff also contends that the subject accident caused her to be confined to bed for several days and home for a month (id. at ¶ 12).
Summary Judgment and the Serious Injury Threshold
When a defendant seeks summary judgment alleging that a plaintiff does not meet the "serious injury" threshold required to maintain a lawsuit, the burden is on said defendant to establish through competent evidence that the plaintiff has no cause of action (see Franchini v Palmeri, 1 NY3d 536 [2003]). "[A] defendant can establish that [a] plaintiff's injuries are not serious within the meaning of Insurance Law § 5102[d] by submitting affidavits or affirmations of medical experts who examined the plaintiff and conclude that no objective medical findings support the plaintiff's claims" (Shinn v Catanzaro, 1 AD3d 195, 197 [1st Dept 2003], citing Grossman v Wright, 268 AD2d 79, 83-84 [2nd Dept 2000]). In this respect, in addition to the certified medical records before the court, Dia's threshold motion is supported by an affirmed Independent Medical Examination ("IME") report from board-certified orthopedic surgeon, John H. Buckner, M.D. (NYSCEF Doc No 52), and affirmed MRI review reports by board-certified radiologist, Jessica Fuchs Berkowitz, M.D. (NYSCEF Doc No 53).[FN3]

Relevant here, plaintiff contends that her personal injuries resulted in a serious injury [*3]under the following categories of the state insurance law: a permanent loss of use of a body organ, member function or system; permanent consequential limitation of use of a body organ or member; a significant limitation of use of a body organ, member, function or system; and a medically determined injury or impairment of a non-permanent nature which prevented her from performing substantially all of the material acts which constitute her usual customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment (NYSCEF Doc No 51 at ¶ 20; Ins Law § 5102[d]). In the interest of brevity, the court will first address, and summarily dispense with, the last category of serious injury identified in plaintiff's bill of particulars.
Plaintiff's assertion in her bill of particulars that she was confined to her bed for several days and to her home for a month is insufficient to meet her burden under the 90/180 day disability category (see Colon v Torres, 106 AD3d 458, 459 [1st Dept 2013]; Williams v Baldor Specialty Foods, Inc., 70 AD3d 522-23 [1st Dept 2010]). As such, in regard to the 90/180-day category of serious injury, defendants have met their initial burden, thereby shifting to plaintiff the burden of raising a material issue of fact using objective, admissible medical proof (see Toure v Avis Rent A Car Sys, 98 NY2d 345, 350 [2002]). Whether plaintiff's injuries satisfy either the "permanent loss of use," "permanent consequential limitation" or "significant limitation" category of serious injury under the insurance law remains to be considered.
On behalf of defendants, orthopedist, John H. Buckner, M.D., conducted an independent medical examination ("IME") of plaintiff during which he measured the range of motion in her cervical spine, upper extremities and lumbar spine. Notably, in reporting his range of motion findings, Dr. Buckner failed to compare plaintiff's range of motion results to the normal range of motion for the body parts relevant to her claims, to wit, her right shoulder, lumbar spine and right knee. Such a failure renders his IME analysis insufficient to satisfy Defendants' prima facie burden as to the possible significance of any loss or limitation experienced by plaintiff as a result of the vehicular accident (see Bray v Rosas, 29 AD3d 422, 423 [1st Dept 2006] [holding that "[a]lthough defendants' orthopedist specified the degrees of range of motion found in plaintiff's lumbar spine, he failed to compare those findings to the normal range of motion, 'thereby leaving the court to speculate as to the meaning of those figures'"]). Additionally, Dr. Buckner's IME report is silent as to any range of motion measurements taken of plaintiff's right knee. Dr. Buckner concluded opining that there was no causally related pathology of a permanent nature affecting any body part he examined as a result of the underlying incident.
Defendants also rely on a radiological report from Jessica F. Berkowitz, M.D., who reviewed MRI studies of plaintiff's right shoulder, right knee and lumbar spine and offered affirmed opinions concerning same (NYSCEF Doc No 53). While Dr. Berkowitz's review confirmed tears of the supraspinatus, infraspinatus and subscapularis tendons in plaintiff's right shoulder, she attributed the findings to "chronic repetitive microtrauma" or "wear and tear." Respecting plaintiff's right knee MRI, Dr. Berkowitz found all the knee joint's ligaments to be intact and the knee without evidence of acute traumatic injury such as "fracture, traumatic bone marrow edema, meniscal or ligamentous tear" (id.). Dr. Berkowitz found disc bulging at L4-5 and L5-S1 in plaintiff's lumbar MRI and opined that they were degenerative in origin. Ultimately, as with Dr. Buckner, Dr. Berkowitz concluded that the findings in plaintiff's MRIs films were not causally related to plaintiff's alleged accident.
The findings of both Drs. Buckner and Berkowitz that none of plaintiff's alleged injuries were caused by the subject accident are sufficient to carry defendants' prima facie burden [*4]establishing the absence of a serious injury (see e.g., Malupa v Oppong, 106 AD3d 538 [1st Dept 2013]["Defendants also established prima facie absence of causation by submitting their radiologist's MRI reports concluding that the MRI films taken shortly after the accident showed only preexisting degenerative conditions, and no evidence of acute or recent trauma"]). Hence, the burden shifts to plaintiff to raise a question of fact for the jury concerning whether the subject accident caused plaintiff to sustain a serious injury under the insurance law (Grossman v Wright, supra, at 84.)
In opposition to defendants' threshold motions, plaintiff submits an affirmed narrative report from Karan Johar, M.D., dated April 12, 2024 (NYSCEF Doc No 71). With the aid of a goniometer, Dr. Johar examined the range of motion in plaintiff's right shoulder, right knee and lumbar spine and found significant, permanent limitations in all three areas (Martin v Porteixt Corp., 98 AD3d 63, 67-68 [1st Dept 2012][affirming a finding of permanent limitations of range in motion obtained through the use of a handheld goniometer]). Dr. Johar opined, within a reasonable degree of medical certainty, that plaintiff's injuries were directly and causally related to the accident here at issue (NYSCEF Doc No 71 at 9).
Dr. Johan's orthopedic report on behalf of plaintiff is sufficient to raise a triable issue of fact as to whether the alleged injuries to her right shoulder and lumbar spine qualify as a "permanent consequential limitation of use of a body organ or member" or a "significant limitation of use of a body organ, member, function or system" under Insurance Law § 5102[d]. Defendants' motion is granted, however, as to both the 90/180 category [FN4]
as well as the "permanent loss of use of body part or member" category, with the latter requiring a "total" loss of use of a body part or member (Byong Yol Yi v Canela, 70 AD3d 584, 585 [1st Dept 2010]; citing, Oberly v Bangs Ambulance, 96 NY2d 295, 299 [2001]). Such a claim is not sustained by the record before this court.
Plaintiff's Cross-motion for Partial Summary Judgment on Liability.
Plaintiff has cross-moved for partial summary judgment on the question of defendants' liability. Plaintiff submits the certified police accident report ("NYPD Report") for the underlying accident in support of her cross-motion (NYSCEF Doc No 65), but relies on additional evidentiary submissions made during the totality of the motion sequence. The NYPD Report indicates that plaintiff was a passenger in the vehicle operated by Dia at the time of the subject accident, a representation that is not challenged by either of the defendants.[FN5]
The certified [*5]NYPD Report further states that Dia failed to stop at the stop sign causing the collision, which is also not challenged by the defendants on any evidentiary ground.[FN6]

While Dia partially opposes the cross-motion arguing only that summary judgment is inappropriate where there is a question of fact as concerns liability between the operators of two vehicles involved in a motor vehicle accident, Gerena fails to oppose the cross-motion altogether. In any event, the right of an innocent passenger to summary judgment is not in any way restricted by potential issues of comparative negligence as between the drivers of the two vehicles" (Garcia v Tri-County Ambulette Serv. Inc., 282 AD2d 206, 207 [1st Dept 2001]). Notwithstanding that well-settled precept, decisions within the Appellate Division, First Department, do indeed restrict the ability of a trial court weighing an innocent passenger plaintiff's right to summary judgment on liability to finding only "no culpable conduct" by said plaintiff unless the plaintiff-passenger can also establish prima facie liability against a defendant driver "under traditional principles of tort liability" (Campbell v Mincello, 184 AD3d 412 [1st Dept 2020]; citing, Oluwatayo v Dulinayan, 142 AD3d 113, 117-120 [1st Dept 2016]; see also, Buffa v Carr, 148 AD3d 606 [1st Dept 2017]).
Applying the above precedent to the instant matter, plaintiff has established her prima facie burden of entitlement to partial summary judgment as to liability herein. In the certified NYPD report, Dia, as the driver of the host vehicle in which plaintiff traveled, admits that his roadway was subject to a stop sign at the intersection in question (Krohn v. Reyes, supra). He further acknowledged that he failed to see the other vehicle involved as he proceeded through the intersection leading to the underlying accident. Such a record establishes prima facie entitlement to partial summary judgment on the question of liability (see Jenkins v Alexander, 9 AD3d 286, 287 [1st Dept 2004][finding the host vehicle subject to a stop sign negligent as a matter of law]). The burden now shifts to Dia to raise a question of fact for a jury. He fails to do so.
This court finds Dia's unsupported statement that plaintiff was traveling at a high rate of speed immediately prior to the incident to be self-serving hearsay and insufficient to raise a triable question of fact (see, Stephenson v New York City Transit Authority, 226 AD3d 546 [1st Dept 2024][rear end impact]; Johnson v Phillips, 261 AD2d 269, 270 [1st Dept 1999]; Rue v Stokes, 191 AD2d 269, 270 [1st Dept 1993]). To be sure, Gerena had the right of way at the intersection in question and had no duty to watch for and avoid a driver who might fail to stop at a stop sign (Espinoza v Loor, 299 AD2d 167, 168 [1st Dept 2002]). 
In sum, upon the record before the court, co-defendant DIA has failed to raise a triable issue of fact that would preclude an award of partial summary judgment for the plaintiff on the question of liability. Furthermore, the record and the court's findings regarding liability herein require dismissal of the complaint as asserted against Gerena, against whom no basis for liability can be found.
Accordingly, it is hereby:
ORDERED that defendants' motions for an Order, pursuant to CPLR § 3212, granting them summary judgment and dismissal of the complaint on the ground that, as a result of the underlying motor vehicle accident, plaintiff failed to suffer a serious injury under Insurance Law [*6]§ 5102[d], is GRANTED only as to the plaintiff's claims of a serious injury under the permanent loss of use of a body organ, member function or system and the 90/180-day categories of Insurance Law § 5102[d], and is DENIED in all other respects (Motion Sequence No 2); it is further;
ORDERED that plaintiff's cross-motion for an order, pursuant to CPLR § 3212, granting her partial summary judgment against both defendants on the ground that she was not liable for the underlying motor vehicle accident is GRANTED; it is further
ORDERED and the complaint is dismissed as asserted against co-defendant, Jorge Gerena, only; and it is further
ORDERED that plaintiff shall serve a copy of this Order with Notice of Entry within thirty (30) days of entry of this Order.
The foregoing constitutes the Decision and Order of the Court. 
Dated: December 9, 2024
HON. JOHN A. HOWARD-ALGARIN
J.S.C.

Footnotes

Footnote 1:Pursuant to a Stipulation of Discontinuance dated March 27, 2024, plaintiff discontinued her action as against co-defendant, Lyft, Inc. (NYSCEF Doc No 88).

Footnote 2:Co-defendant Gerena joined Dia's motion by adoption and incorporation of all matters set forth therein (NYSCEF Doc No. 56 at ¶ 4).

Footnote 3:Defendant Jorge Gerena did not submit any evidence in support of his motion, instead relying on defendant Ibou Kane Dia's evidentiary submissions (Def Aff Supp at ¶ 5).

Footnote 4:For the reasons previously set forth herein.

Footnote 5:Notwithstanding that a certified NYPD report, as a general proposition, may be admitted as evidence (Wilson v City of New York, 221 AD3d 438, 439 [1st Dept 2023]), its contents still may be inadmissible to the extent that they constitute hearsay (Yassin v Blackman, 188 AD3d 62, 66 [2nd Dept 2020]; citing, Noakes v Rosa, 54 AD3d 317, 318 [2nd Dept 2008]). That said, for the purposes of her cross-motion, plaintiff, in her opposition to defendants' threshold motion which forms part of the record before the court, relied on her own deposition transcript in which she competently asserted that she was a rear-seated and thus "innocent passenger" when the accident occurred (NYSCEF Doc No. 76, at ¶ 6).

Footnote 6:Dia's statements to the responding police officer as recorded in the certified NYPD report of the accident that he had a stop sign and did not see plaintiff's vehicle report is admissible as an admission within a business record (Krohn v. Reyes, 231 AD3d 621 [1st Dept 2024])