■ MERCEDES PEREZ, Plaintiff, v MODINA LIVE POULTRY, INC., et al., Defendants and Third-Party Plaintiffs-Appellants. CITY OF NEW YORK, Third-Party Defendant-Respondent. (And Another Action.) [725 NYS2d 549] —Order, Supreme Court, Bronx County (Joseph Giamboi, J.), entered May 9, 2000, which, to the extent appealed from, granted third-party defendant City of New York's cross motion for summary judgment insofar as to dismiss the third-party complaint, unanimously affirmed, without costs.

Summary judgment was properly granted. In view of the absence of evidence contradicting or otherwise raising a material question as to those portions of plaintiff's deposition testimony in which she repeatedly states that her accident occurred on third-party plaintiffs' premises, there existed no triable issue as to the site of plaintiff's accident warranting denial of third-party defendant's cross motion for summary judgment (see, Zuckerman v City of New York, 49 NY2d 557, 562). Concur—Tom, J. P., Andrias, Ellerin, Wallach and Friedman, JJ.

■ DIMITRA HARAMIS et al., Respondents, v MOUNT SINAI MEDICAL CENTER, Appellant. [726 NYS2d 92] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered October 26, 2000, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The testimony of plaintiff, in this slip and fall case, indicates that immediately after she landed on the floor of defendant's premises, she noticed green liquid soap there and that her dress and hands had become wet from contact with the soap. Although, as defendant emphasizes, plaintiff did not see what caused her to slip before the event, the natural and reasonable inference from what she did see and feel immediately afterward, is that she slipped on the green liquid soap (cf., Robinson v Lupo, 261 AD2d 525). Contrary to defendant's argument, the action need not be dismissed at this juncture for lack of proof that defendant had notice of the complained of hazard, in view of the testimony of defendant's maintenance person indicating the possibility that defendant may have been responsible for creating the hazard (see, Panagakos v Greek Archdiocese, 213 AD2d 336, 337). Concur—Tom, J. P., Andrias, Wallach and Friedman, JJ.