■ HOME INSURANCE COMPANY, Respondent, v LEPRINO FOODS COMPANY, Appellant. [777 NYS2d 472]—Judgment, Supreme Court, New York County (Richard F. Braun, J.), entered October 16, 2003, which awarded plaintiff summary judgment in the principal amount of $58,653, unanimously affirmed, with costs.

There was no need to resolve issues of fact regarding an alleged oral agreement. Even if the parties had come to such an agreement with respect to the retrospective adjustment, condition number 8 of the policy expressly prohibited oral modifications. (The inadvertent omission of the complete policy jacket from the original moving papers was adequately explained in the reply affidavit submitted by the former casualty coverage director of plaintiff's Claims Department.) Plaintiff's no-oral-modification argument, although raised for the first time on reply, was directly responsive to defendant's opposition to the summary judgment motion (*Davison v Order Ecumenical*, 281 AD2d 383 [2001]). Concur—Nardelli, J.P., Lerner, Friedman, Marlow and Gonzalez, JJ.

■ STEVAN BARBUL et al., Respondents, v MAHROKH SONGHO-RIAN, Appellant, et al., Defendant. [776 NYS2d 806]—

Order, Supreme Court, Bronx County (Anne E. Targum, J.), entered March 28, 2003, which, in an action for personal injuries, insofar as appealed from, denied defendant-appellant premises owner's motion for summary judgment dismissing the complaint as against him, unanimously affirmed, without costs.

Issues of fact exist as to whether appellant created and/or had notice of the condition that allegedly allowed water from inside appellant's building to leak down an outside wall of the building and freeze in the alley where plaintiff fell (*see Haramis v Mount Sinai Med. Ctr.*, 284 AD2d 150 [2001]). Concur—Nardelli, J.P., Lerner, Friedman, Marlow and Gonzalez, JJ.