*623 In an action for a judgment declaring that the plaintiff is not obligated to defend and indemnify the defendant Guma Construction Corp. in an action entitled Sorrentino v 255 Water Street Associates, LLC, pending in the Supreme Court, Kings County, under index No. 29581/05, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Held, J.), dated March 13, 2008, as granted that branch of the defendant’s motion which was for summary judgment declaring that the plaintiff is obligated to defend it in the underlying action, and referred the issue of indemnification to the trial court in the underlying action.
Ordered that the order is modified, on the law, by deleting the provision thereof which referred the issue of indemnification to the trial court in the underlying action; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant.
Burlington Insurance Company (hereinafter Burlington) issued a commercial general liability insurance policy to Guma Construction Corp. (hereinafter Guma) covering Guma for a period of one year beginning February 5, 2004. The policy contained a “classification limitation” endorsement, which provided that the policy would apply only to losses arising out of those operations listed in the “classifications” section of a commercial general liability coverage declarations form. Guma listed “Garbage, Ash or Refuse Collecting” in the “classification” section of the form.
On February 18, 2004 there was a fire at a building where Guma was performing work. As a result of the fire, firefighter John Sorrentino sustained personal injuries. On September 27, 2005 Sorrentino commenced an action (hereinafter the underlying action) against Guma, among others, alleging that Guma negligently performed certain “construction, alteration, renovation, and/or demolition, work, labor and/or other services” on *624 the subject building. The complaint in the underlying action further alleged that Guma improperly removed pipe as part of the work it performed, and used one or more torches in connection with the work it performed. Guma forwarded a copy of the complaint in the underlying action to Burlington and, by letter dated February 16, 2006, Burlington acknowledged receipt of that complaint and informed Guma that it was going to conduct an investigation of the matter. In October 2006 Burlington issued a disclaimer of coverage. The disclaimer was based upon Guma’s breach of the “classification limitation” endorsement clause in the contract. Burlington explained that Guma had made misrepresentations in its application for insurance by describing its business as “garbage, ash or refuse collecting,” when it was actually “supervising the removal of pipes.”
In December 2006 Burlington commenced this action against Guma for a judgment declaring that it was not obligated to defend Guma in the underlying action or indemnify Guma for any liability attributed to it. In November 2007 Guma moved for summary judgment declaring that Burlington is obligated to defend it in the underlying action and to indemnify it for any recovery by Sorrentino against it in the underlying action. In its motion, Guma contended that the disclaimer was untimely (see Insurance Law § 3420 [d]). Burlington opposed the motion and, in reply, Guma argued that a reading of the allegations in the complaint suggested a reasonable possibility of coverage, and that Burlington consequently had a duty to defend it, which duty is broader than its obligation to indemnify. In an order dated March 13, 2008, the Supreme Court granted that branch of Guma’s motion which for summary judgment declaring that Burlington has an obligation to defend Guma in the underlying action, and “referred” the indemnity issue to the trial court in the underlying action.
Initially, Burlington argues that the Supreme Court improperly considered an argument raised for the first time in reply papers. We disagree. We recognize that, ordinarily, courts do not consider issues first mentioned in reply in support of a motion for summary judgment (see Matter of Forest Riv., Inc. v Stewart, 34 AD3d 474 [2006]; Calderone v Harrel, 237 AD2d 318 [1997]). The reason behind this rule is to prevent the opposing party from being deprived of a fair opportunity to respond to the argument. Here, Burlington, in its brief, does not contend that it suffered any prejudice as a result of the new argument raised by Guma in its reply affirmation; nor does it contend that it would have offered additional or different evidence in opposing the argument. Thus, under the circumstances of this case, we *625 find that the Supreme Court providently exercised its discretion in considering the argument raised in the reply affirmation submitted by Guma (see generally Feliciano v New York City Health & Hosps. Corp., 62 AD3d 537, 538 [2009]; Home Ins. Co. v Leprino Foods Co., 7 AD3d 471, 472 [2004]; Davison v Order Ecumenical, 281 AD2d 383 [2001]; cf. Held v Kaufman, 91 NY2d 425, 430 [1998]).
Burlington also contends that the Supreme Court’s determination that it has a duty to defend Guma was premature because discovery in this action had not yet been completed. However, since the allegations in the complaint suggest a reasonable possibility of coverage, Guma is entitled to summary judgment declaring that Burlington has an obligation to defend it in the underlying action (see Automobile Ins. Co. of Hartford v Cook, 7 NY3d 131, 137 [2006]). Any evidence that would be obtained through discovery would be irrelevant on this issue since “[e]ven where there exist extrinsic facts suggesting that the claim may ultimately prove meritless or outside the policy’s coverage, the insurer cannot avoid its commitment to provide a defense” (Fitzpatrick v American Honda Motor Co., 78 NY2d 61, 66 [1991]).
Burlington is correct, on the other hand, that the Supreme Court erred in “referring” the indemnification issue to the trial court in the underlying action, to which Burlington is not a party. Moreover, “[i]t is generally recognized that, even where common facts exist, it is prejudicial to insurers to have the issue of insurance coverage tried before the jury that considers the underlying liability claims” (Christensen v Weeks, 15 AD3d 330, 331 [2005] [internal quotation marks omitted]; see Kelly v Yannotti, 4 NY2d 603 [1958]).
The parties’ remaining contentions are without merit or not properly before this Court. Mastro, J.P., Balkin, Dickerson and Lott, JJ., concur.