**Gotham Indus. Servs. Inc. v Falls Lake Natl. Ins. Co.**

2024 NY Slip Op 30557(U)

February 21, 2024

Supreme Court, New York County

Docket Number: Index No. 653777/2022

Judge: Nancy M. Bannon

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | **HON. NANCY M. BANNON** | **PART** | **42** |
| | *Justice* | | |

-----------------------------------------------------------------------X

GOTHAM INDUSTRIAL SERVICES INC.,

                             Plaintiff,

                - v –

FALLS LAKE NATIONAL INSURANCE CO. and
ACE PROPERTY & CASUALTY INSURANCE CO.,

                            Defendants.

-----------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 653777/2022 |
| **MOTION DATE** | 11-17-23 |
| **MOTION SEQ. NO.** | 002 003 |

**DECISION, ORDER
and JUDGMENT**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 59, 60, 61, 62, 63, 64, 86
were read on this motion to/for                  JUDGMENT - SUMMARY          .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99
were read on this motion to/for                  JUDGMENT - SUMMARY          .

       In this insurance coverage dispute, the plaintiff, Gotham Industrial Services Inc. ("Gotham"), seeks a judgment against its primary commercial general liability insurer, defendant Falls Lake National Insurance Company ("Falls Lake"), and its umbrella general liability insurer, defendant ACE Property & Casualty Insurance Company ("ACE"), declaring that Falls Lake and ACE must defend and indemnify two non-parties to this action, Consigli Associates LLC ("Consigli") and One Beekman Owner, LLC ("One Beekman"), in an underlying personal injury action pending in Kings County Supreme Court brought against those two entities by one of Gotham's employees, Adam Pusztaszeri, entitled <u>Pusztaszeri v Consigli & Associates, LLC and One Beekman Owner, LLC</u>, Index No. 523364/2021 (the "Underlying Action"). Falls Lake now moves, pursuant to CPLR 3212, for summary judgment dismissing all claims against it and awarding it a declaration that it is not obligated to defend or indemnify Gotham or any other party in the Underlying Action (MOT SEQ 002). ACE likewise moves, pursuant to CPLR 3212,

**653777/2022   GOTHAM INDUSTRIAL SERVICES INC. vs. FALLS LAKE NATIONAL INSURANCE CO. ET AL
Motion No.  002 003**

**Page 1 of 6**

1 of 6

for summary judgment declaring that it is not obligated to defend or indemnify Gotham or any other party in the Underlying Action (MOT SEQ 003). Gotham opposes both motions. For the reasons that follow, both motions are granted.

As set forth in Gotham's complaint, Consigli, as construction manager, and One Beekman, as owner, entered into a subcontract with Gotham for work at a construction project located at One Beekman Street in Manhattan (the "Project"). Pursuant to this subcontract, Gotham agreed to defend and indemnify Consigli and One Beekman from all claims arising out of or resulting from the performance or non-performance of its work on the Project, and to procure insurance naming them as additional insureds. In the Underlying Action Pusztaszeri sued Consigli and One Beekman for damages alleging that he was an employee of Gotham and that, during the scope of his employment on January 27, 2021, he fell from a ladder at the Project site while paintingk, causing him to sustain physical injuries.[1] Gotham likewise alleges in its complaint herein that Pusztaszeri was its employee at the time Pustaszeri allegedly was injured.

On a motion for summary judgment, the moving party must make a *prima facie* showing of its entitlement to judgment as a matter of law by submitting evidentiary proof in admissible form sufficient to establish the absence of any material, triable issues of fact. See CPLR 3212(b); Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824 (2014); Alvarez v Prospect Hosp., 68 NY2d 320 (1986); Zuckerman v City of New York, 49 NY2d 557 (1980). Once such a showing is made, the opposing party, to defeat summary judgment, must raise a triable issue of fact by submitting evidentiary proof in admissible form. See Alvarez, supra; Zuckerman, supra.

For an insurance provider to disclaim any contractual duty to defend pursuant to a policy exclusion, it must demonstrate that the allegations in the underlying complaint against the insured (or additional insureds), such as those made against Consigli and One Beekman in the Underlying Action, cast the pleadings wholly within that exclusion, that the exclusion is subject to no other reasonable interpretation, and that there is no possible factual or legal basis upon which the insurer may eventually be held obligated to indemnify the insured under any policy provision. See Frontier Insulation Contractors, Inc. v Merchs. Mut. Ins. Co., 91 NY2d 169

---

[1] Consigli and One Beekman, in turn, filed a third-party complaint against Gotham for contribution and common law and contractual indemnification.

**653777/2022  GOTHAM INDUSTRIAL SERVICES INC. vs. FALLS LAKE NATIONAL INSURANCE**          **Page 2 of 6**
**CO. ET AL**
**Motion No.  002 003**

2 of 6

(1997). "The duty to defend is decided solely on the allegations in the complaint [against the insured] which must be accepted by a court as true." Cont'l Cas. Co. v Employers Ins. Co. of Wausau, 60 AD3d 128, 142 (1st Dept. 2008). The duty to defend is broader than the duty to indemnify. See Fitzpatrick v Am. Honda Motor Co., 78 NY2d 61 (1991). An allegation creates a duty to defend whenever there is a "reasonable possibility of recovery under the policy." Id.; see also Frank v Cont'l Cas. Co., 123 AD3d 878 (2nd Dept. 2014). If the allegations of the complaint fall within the scope of coverage, an insurer must defend. See Fitzpatrick v Am. Honda Motor Co., supra.

Falls Lake and ACE each submit, *inter alia*, the pleadings herein and in the Underlying Action, wherein both Pustaszeri and Gotham allege that Pustaszeri was an employee of Gotham at the time of his injury; the contract between Gotham, Consigli, and One Beekman, wherein Gotham agreed to include Consigli and One Beekman as additional insureds on its relevant insurance policies; and the insurance policy that each insurer respectively issued to Gotham. The Falls Lake policy includes an "Exclusion of Injury to Employees, Contractors, and Employees of Contractors," which provides that the policy does not cover:

(1) "Bodily injury" to any "employee" of any insured arising out of or in the course of:
   a. Employment by any insured; or
   b. Performing duties related to the conduct of any insured's business;

(2) "Bodily injury" to any contractor or any "employee" of any contractor arising out of or in the course of the contractor or its employee performing services of any kind or nature whatsoever;

(3) Any alleged obligation of any insured to indemnify or contribute with another because of damages arising out of such "bodily injury" to an insured's employee or any contractor or any contractor's employee[.]

The ACE policy similarly includes a Contractor Exclusions and Limitations Endorsement containing an "Employer's Liability" exclusion, which provides that the policy does not cover:

"Bodily injury" to:

(1) An "employee", "temporary worker" or "volunteer worker" of the insured arising out of and in the course of:

   (a) Employment by the insured; or
   (b) Performing duties related to the conduct of the insured's business; or

**653777/2022   GOTHAM INDUSTRIAL SERVICES INC. vs. FALLS LAKE NATIONAL INSURANCE       Page 3 of 6
CO. ET AL
Motion No.  002 003**

(2) "Bodily injury" to any contractor, subcontractor or any "employee", "volunteer worker", "temporary worker", or "casual laborer" of any contractor or subcontractor arising out of or in the course of rendering or performing services of any kind or nature whatsoever by such contactor, subcontractor or "employee", "volunteer worker", "temporary worker" or "casual laborer" of such contractor or subcontractor for which any insured may become liable in any capacity; or

(3) Any obligation of any insured to indemnify or contribute with another because of damages arising out of such "bodily injury"[.]

The term "casual laborer" is defined in that same endorsement as "any person providing work or materials to any insured for compensation of any type." These submissions establish, *prima facie*, that under a plain reading of the policies at issue, the allegations of the complaint in the Underlying Action fall within the exclusions quoted above, as Pustaszeri alleges he was an employee of Gotham and seeks to recover for bodily injuries allegedly suffered in the course of his employment.

Gotham's arguments in opposition are unavailing. Gotham first contends that both Falls Lake and ACE fail to demonstrate that they timely disclaimed coverage. However, the parties' submissions demonstrate that both defendants disclaimed "as soon as [was] reasonably possible." Insurance Law §3420(d)(2). See generally Sierra v 4401 Sunset Park, LLC, 24 Ny3d 514 (2014); Titan Indust. Svcs. Corp. v Navigator's Ins. Co., 233 AD3d 426 (1st Dept. 2024); Endurance Am. Ins. Specialty Ins. Co. v Utica First Ins. Co., 132 AD3d 434 (1st Dept. 2015) *lv dism* 27 NY3d 1119 (2016). The submissions demonstrate that Falls Lake was first notified of this claim when it received a tender letter from Consigli, dated February 1, 2021, and that it thereafter sent a disclaimer letter via its coverage counsel on February 24, 2021, less than a month after Pustaszeri's alleged accident on January 27, 2021. While Gotham claims, in conclusory fashion, that it did not receive this letter, Falls Lake has provided the affidavit of its Claims Handler, Kevin Diggins, stating that he personally authorized the mailing of the disclaimer letter on February 24, 2021; the affirmation of its coverage counsel and counsel herein, Steven Verveniotis, stating that he personally arranged for and oversaw the mailing of the February 24, 2021 disclaimer letter to Gotham and Consigli, among others, via the U.S. Postal Service, and that none of those letters were returned as undeliverable; and a pair of emails between Verveniotis and Diggins, both dated February 24, 2021, in which Diggins authorized the release of the disclaimer and Verveniotis confirmed that the disclaimer had been mailed.

653777/2022   GOTHAM INDUSTRIAL SERVICES INC. vs. FALLS LAKE NATIONAL INSURANCE        Page 4 of 6
CO. ET AL
Motion No.  002 003

4 of 6

[* 4]

Although some of this evidence was submitted by Falls Lake for the first time in reply, the court exercises its discretion to consider it because it is directly responsive to Gotham's opposition argument that timely disclaimer was not sufficiently shown by the disclaimer letter itself.  See Hereford Ins. Co. v Vazquez, 158 AD3d 470, 471 (1st Dept. 2018); Home Ins. Co. v Leprino Foods Co., 7 AD3d 471, 472-73 (1st Dept. 2004); Kelsol Diamond Co. v Stuart Lerner, Inc., 286 AD2d 586, 587 (1st Dept. 2001). Moreover, Gotham itself produced a copy of the disclaimer letter which was marked "received" as of March 3, 2021.  Gotham claims that it received this copy of the letter from Consigli on March 12, 2021, but even if that is the case, the fact that Consigli apparently received the letter as of March 3, 2021, is consistent with Verveniotis's account of the letter's mailing.

As to ACE, it demonstrated that it first received notice of claim when served with Gotham's complaint, and timely disclaimed coverage via the filing of its answer. It is well settled that the "written notice requirement of section 3420 can be satisfied by pleadings" in a case where insurer received first notice of loss by way of lawsuit. Thomson v Power Auth. of State of N.Y., 217 AD2d 495, 497 (1st Dept. 1995); see City of New York v St. Paul Fire and Marine Ins. Co., 21 AD3d 978 (2nd Dept. 2005); Am. Mfrs. Mut. Ins. Co. v CMA Enterp., Ltd., 246 AD2d 373 (1st Dept. 1998). Gotham provides no persuasive authority to the contrary.

Gotham also contends that both of the relevant exclusions are inapplicable because Pustaszeri was purportedly an independent contractor rather than an employee of Gotham. However, even if Pustaszeri was an independent contractor working for Gotham, his injury would still fall within the scope of both policy exclusions.  By its plain terms, the Falls Lake exclusion precludes coverage for bodily injuries suffered by the insured's "contractors." Similarly, the ACE exclusion precludes coverage for bodily injuries suffered by any "contractor, subcontractor . . . or 'casual laborer' of any contractor or subcontractor," and defines a "casual laborer" as "any person providing work or materials to any insured for compensation of any type."  Thus, regardless of whether Pustaszeri was injured while working for Gotham as an employee or an independent contractor, his personal injury claims fall within the scope of the relevant policy exclusions.

Gotham's remaining contentions have been considered and found to be unavailing.

653777/2022   GOTHAM INDUSTRIAL SERVICES INC. vs. FALLS LAKE NATIONAL INSURANCE        Page 5 of 6
CO. ET AL
Motion No.  002 003

5 of 6

Accordingly, upon the foregoing papers and after oral argument, it is

ORDERED that the motion of defendant Falls Lake National Insurance Company for summary judgment dismissing the complaint as against it (MOT SEQ 002) is granted; and it is further

ORDERED, ADJUDGED, and DECLARED that defendant Falls Lake National Insurance Company is not obligated to defend or indemnify the plaintiff, Gotham Industrial Services, Inc., or any other party, with respect to the accident and claims asserted in the underlying personal injury action pending in Kings County Supreme Court entitled <u>Pusztaszeri v Consigli & Associates, LLC and One Beekman Owner, LLC</u>, Index No. 523364/2021; and it is further

ORDERED that the motion of defendant ACE Property & Casualty Insurance Company for summary judgment dismissing the complaint as against it (MOT SEQ 003) is granted; and it is further

ORDERED, ADJUDGED, and DECLARED that defendant ACE Property & Casualty Insurance Company is not obligated to defend, indemnify, or reimburse the plaintiff, Gotham Industrial Services, Inc., or any other party, with respect to the accident and claims asserted in the underlying personal injury action pending in Kings County Supreme Court entitled <u>Pusztaszeri v Consigli & Associates, LLC and One Beekman Owner, LLC</u>, Index No. 523364/2021; and it is further

ORDERED that the Clerk shall mark the file accordingly.

This constitutes the Decision, Order, and Judgment of the court.

| 2/21/2024 | |
|---|---|
| DATE | NANCY M. BANNON, J.S.C. |

CHECK ONE: 

| | | |
|---|---|---|
| X | CASE DISPOSED | |
| X | GRANTED | ☐ DENIED |

| | |
|---|---|
| ☐ | NON-FINAL DISPOSITION |
| ☐ | GRANTED IN PART |
| ☐ | OTHER |

653777/2022   GOTHAM INDUSTRIAL SERVICES INC. vs. FALLS LAKE NATIONAL INSURANCE CO. ET AL
Motion No.  002 003

Page 6 of 6

6 of 6

[* 6]